IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| AARON MILES BARE, | Case No: 3:21-cv-389 |
| PLAINTIFF, | |
| | JUDGE CORKER |
| v. | |
| CARDINAL HEALTH, INC., | |
| DEFENDANT. | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

I. **INTRODUCTION**

Defendant Cardinal Health, Inc. respectfully requests that this Court grant its Motion to Dismiss. Plaintiff, who admits he has received an accommodation, does not have standing to assert a claim. Plaintiff's Amended Complaint should be dismissed as a matter of law. Even if Plaintiff could establish standing, he has failed to assert a claim upon which relief can be granted.

II. **ARGUMENT**

A. **Plaintiff Has Failed To Establish Standing, Or A Viable Cause Of Action Against Defendant.**

Plaintiff has no standing to assert the claims in the Amended Complaint. Standing to sue is a prerequisite for any case. *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). To show standing, a party must show they suffered: (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. *Id.* Notably, an injury must affect a plaintiff in a personal and individual way. The injury must not be

1

merely abstract and must actually exist. *Allen v. Whitmer*, 2021 U.S. App. LEXIS 23310, at *6 (6th Cir. July 26, 2021).

Plaintiff admits he received an accommodation. He does not have standing to assert the claims alleged in the Amended Complaint. Other courts have similarly found that standing does not exist in vaccine mandate cases where a party has received an exemption. *See Wade v. University of Connecticut Board of Trustees*, No. 3:21-cv-924, 2021 U.S. Dist. LEXIS 153565, at *21 (D. Conn. Aug. 16, 2021) (plaintiffs who had been granted an exemption from vaccination requirement or who had failed to avail themselves of the process to request an exemption had not suffered an injury that the law recognizes as a basis for the right to complain in court, and therefore did not have standing to proceed); *Klaassen v. Trustees of Indiana Univ.*, No. 1:21-CV-238 DRL, 2021 U.S. Dist. LEXIS 133300, at **36-37 (N.D. Ind. July 18, 2021) (A justiciable controversy in the vaccine mandate context only exists if plaintiffs do not qualify for exemptions). Plaintiff has not suffered any injury. He has no standing to pursue this lawsuit and has no viable cause of action against Defendant.

### B. In Addition, Plaintiff's Title VII Claim (Count I) Must Be Dismissed Because He Has Failed To Exhaust His Administrative Remedies.

Moreover, Plaintiff's claim under Title VII must be dismissed for the additional reason that Plaintiff failed to exhaust his administrative remedies through the Equal Employment Opportunity Commission ("EEOC"), as required before commencing suit. Before commencing a lawsuit under Title VII, a plaintiff must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC and subsequently receiving a right to sue letter from the EEOC. *See* U.S.C. § 2000e-5(e), (f); *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The purpose of the exhaustion requirement is "to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Scott v. Eastman Chem. Co.*, 275 Fed. Appx. 466, 471 (6th Cir. 2008).

The administrative exhaustion requirement is a mandatory precondition before a plaintiff can file suit. *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019). A Title VII plaintiff who has not exhausted his administrative remedies with the EEOC may not seek relief in federal court. *Nichols*, 318 F.3d at 677. Plaintiff has not shown he is entitled to equitable relief from the exhaustion requirement. *See Steiner v. Henderson,* 354 F.3d 432, 435 (6th Cir. 2003).

Plaintiff cannot forgo exhausting his administrative remedies under Title VII simply because he may face pecuniary or monetary injury (i.e., the loss of employment or pay). *Doe v. Mills*, 2021 U.S. App. LEXIS 31375, at *30 (1st Cir. October 19, 2021). (affirming district court's holding that unvaccinated healthcare associates had failed to show that their employment and economic injuries amounted to irreparable harm, especially where they had not exhausted their administrative remedies). This is particularly true here, where he admits he has received an accommodation. Because Plaintiff admittedly has not exhausted his administrative remedies, his Title VII claims cannot be asserted here. *See Lockett v. Potter,* 259 Fed. Appx. 784, 786 (6th Cir. 2008). The claim must be dismissed.

    **C.    Plaintiff's Emergency Use Authorization Claim (Count II) Fails As A Matter Of Law.**

Similarly, Plaintiff's Emergency Use Authorization ("EUA") claim fails as a matter of law. First, regardless of whether COMIRNATY is available, Plaintiff has not been forced to receive any vaccine. He has no standing to assert a claim.

3

Moreover, the U.S. Department of Justice Office of Legal Counsel specifically addressed whether 21 U.S.C. § 360bbb-3 prohibits private entities from imposing vaccination requirements when the only available vaccines for COVID-19 are subject to EUAs and "conclude[d], consistent with FDA's interpretation, that it does not. This language in [21 U.S.C. § 360bbb-3] specifies only that certain information be provided to potential vaccine recipients and does not prohibit entities from imposing vaccination requirements." *See* U.S. Dep't Just. Off. Legal Couns., "Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization", 45 Ops. Off. Legal Couns., (July 6, 2021) (slip op. at 1) (Ex. 1).[1]

Likewise, several courts have considered this very issue and rejected the argument Plaintiff is making in this case. *See McCutcheon v. Enlivant Es*, *LLC*, No. 5:21-cv-00393, 2021 U.S. Dist. LEXIS 216671, at * 7-8 (S.D. WV Nov. 9, 2021) ("[21 U.S.C. § 360bbb-3] outlines the rights and responsibilities of the Secretary of Health and Human Services in an emergency; it has no impact upon the rights and responsibilities of private employers"); *Johnson v. Brown*, No. 3:21-cv-1494-SI, 2021 U.S. Dist. LEXIS 200159, at **51-55 (D. Oregon Oct. 18, 2021) (EUA protocols under 21 U.S.C. § 360bbb-3 only apply to the Secretary of Health and Human Services and does not prohibit private entities from mandating EUA vaccinations); *Bridges v. Houston Methodist Hosp.*, No. H-21-1774, 2021 U.S. Dist. LEXIS 110382, at *5 (S.D. Texas June 12, 2021) ("Bridges has misconstrued [21 U.S.C. § 360bbb-3]. It confers certain powers and responsibilities to the Secretary of Health and Human Services in an emergency. It neither expands nor restricts the

---

[1] Moreover, COMIRNATY has been fully FDA approved. *See* U.S. Food & Drug Administration, "FDA Approves First COVID-19 Vaccine," (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

responsibilities of private employers; in fact, it does not apply at all to private employers like the hospital in this case. It does not confer a private opportunity to sue the government, employer, or worker."); *Pelekai v. Hawaii*, No. 21-cv-00343-DKW-RT, 2021 U.S. Dist. LEXIS 203916, at FN 9 (D. Haw. Oct. 22, 2021) ("In the Complaint, Plaintiffs allege that, under Section 360bbb-3, they must 'consent' to EUA products. That, however, is *not* what the statute provides. Instead, the statute provides that an individual administered an EUA product should be informed 'of the option to accept or refuse the administration of the product.'"); *Valdez v. Grisham*, No. 21-cv-783 MV/JHR, 2021 U.S. Dist. LEXIS 173680, at **13-14 (D. N.M. Sept. 13, 2021) (21 U.S.C. § 360bbb-3(e)(1)(A) only applies to medical providers who are "directly administering the vaccine"); *Klaassen,* 2021 U.S. Dist. LEXIS 133300, at **64-65.

Plaintiff's claim must be dismissed. Plaintiff does not have standing. COMIRNTY has been fully approved and is not in EUA status. And regardless, there is no claim under the EUA against private employers.

**IV.    CONCLUSION**

For each and every of the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss.

5

Case 3:21-cv-00389-DCLC-DCP  Document 14  Filed 12/13/21  Page 5 of 6  PageID #: 164

Respectfully submitted,

s/ Craig A. Cowart
Craig A. Cowart (017316)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, Tennessee 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
E-mail: Craig.Cowart@jacksonlewis.com

Patricia Pryor (*admission pending*)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 322-5035
Email: patricia.pryor@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

s/ Craig A. Cowart
Craig A. Cowart

4872-4296-6534, v. 1