IN THE UNITED STATES DISTRICT COURT
EASTERN SECTION OF TENNESSEE
AT KNOXVILLE

AARON BARE, et al.,

    Plaintiffs,

v.                                                              Civil Action No.: 3:21-cv-389

CARDINAL HEALTH, INC.

    Defendant.

_____

## MOTION TO STRIKE AND FOR SANCTIONS

_____

Comes now the Plaintiffs, by and through under-signed counsel, and would move this Honorable Court pursuant to Fed. R. Civ. P. 12 for an Order, striking the Defendant's Motion to Dismiss and Memorandum of Law [Doc. # 13 and 14], as well an Order granting sanctions on same. For good cause shown, Plaintiff would state the following:

1. Plaintiff filed this action on November 17, 2021. [See Doc. # 1].

2. Defendant has never answered the initial complaint.

3. On December 3, 2021, Plaintiff filed an amended complaint, as of right, to amend the initial complaint to seek Fed. R. Civ. P. 23 class certification. [See Doc. # 10].

4. Thereafter, Defendant still had not answered the initial complaint.

5. On December 13, 2021, the Defendant filed a Motion to Dismiss [Doc. # 13] Plaintiffs' First Amended Complaint. Defendant failed to make any attempt to meet and confer with the Plaintiffs' counsel prior to filing said Motion in violation of this Honorable Court's Standing Order. [See Doc. # 6].

> "A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading. Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided. The duty to confer also applies to parties appearing pro se. Consequently, a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment."

[See Doc. # 6].

6. Prior to the filing of the Motion to Dismiss, Defendant completely failed to contact counsel for the Plaintiff to meet and confer on the Motion to Dismiss. It was only after the filing of the Motion to Dismiss that Plaintiffs' counsel had to call Defendant's counsel to ask why they had not received any contact whatsoever to meet and confer prior to the filing of the Motion to Dismiss. Defendant's Motion to Dismiss on its face proves this fact as it is devoid of a certification of meet and confer. [See Doc. # 13].

7. During the phone call on December 13, 2021 initiated by Plaintiffs' counsel, Defendant's counsel contended that despite his failure to comply with the meet and confer requirement prior to filing a Motion to Dismiss, the phone call in question constituted the necessary meet and confer requirement to allow him to proceed forward with the Motion to Dismiss. In response, Plaintiffs' counsel noted the after-the-fact meet and confer requirement could not possibly have occurred on the phone call in question as Plaintiffs' counsel made the phone call to ask Defendant's counsel to withdraw his Motion to Dismiss as it was filed in violation of this Honorable Court's Order. Defendant's counsel's contention that the meet and confer requirement was satisfied during a phone call from Plaintiffs' counsel wherein Plaintiffs' counsel was seeking the withdrawal of the Motion to Dismiss is nothing less than sheer hubris. Indeed, there would be no point to a meet and confer requirement prior to the filing of a motion to dismiss if a moving party, upon a phone call of the non-moving party

complaining of a failure to comply with the meet and confer requirement, could simply state the same was complied with during the complaining phone call!

8. Based on the foregoing, Plaintiff would respectfully request this Honorable Court enter an Order striking the Defendant's Motion to Dismiss and sanctioning the Defendant for the full cost of Plaintiffs' attorney's fees for having to file this Motion.

Respectfully submitted, this 13th day of December 2021.

    s/Darren V. Berg
Darren V. Berg
Lead Counsel for the Plaintiffs
P.O. Box 453
Knoxville, TN 37902
865-773-8799
dberglawfirm@gmail.com

    s/Russ Egli
Russ Egli
Co-Counsel for the Plaintiffs
The Wisdom Building
11109 Lake Ridge Drive, FL3
Concord, TN 37934
865-304-4125
russegliatty@tds.net

## ECF CERTIFICATE OF SERVICE

I, the under-signed counsel, certify that a true and accurate copy of this Motion to Strike and for Sanctions has been filed through the ECF system and served on all counsel of record.

    s/Russ Egli
Russ Egli