2020 WL 6271193
Only the Westlaw citation is currently available.
United States District Court, E.D. Tennessee,
Chattanooga Division.

Demetrius Cordell BAILEY, Plaintiff,
v.
Jason SMITH, Jane Does,
and John Does, Defendants.

1:19-CV-00013-DCLC-SKL
|
Filed 10/26/2020

**Attorneys and Law Firms**

Robin R. Flores, Flores Law Office, Chattanooga, TN, for Plaintiff.

Demetrius Cordell Bailey, Chattanooga, TN, pro se.

Sharon McMullan Milling, R. Dee Hobbs, Hamilton County Attorneys Office, Chattanooga, TN, for Defendant Jason Smith.

R. Dee Hobbs, Hamilton County Attorneys Office, Chattanooga, TN, for Defendants Jane Does, John Does.

### MEMORANDUM OPINION AND ORDER

Clifton L. Corker, United States District Judge

 **\*1**  On July 16, 2020, Plaintiff Demetrius Bailey ("Bailey"), proceeding *pro se*, filed a Motion to Add a Party [Doc. 62]. Defendants have filed a response, opposing the motion [Doc. 63]. For the reasons stated, the Motion to Add Reserve Deputy Kevin Ritchey is **GRANTED**.

### I. PROCEDURAL HISTORY

On December 19, 2018, Bailey, who at the time was represented by counsel, filed his complaint against Hamilton County, Deputy Jason Smith, Deputy Carl Ritchey and unknown John and Jane Does [Doc. 1-1]. He alleges that Deputy Smith and Deputy Ritchey used excessive force against him when they repeatedly struck him in the face after he had submitted to their authority. Hamilton County removed the case to federal court.

On February 1, 2019, Defendants, who are all represented by the same counsel, filed a joint answer to the complaint [Doc. 5]. In their answer, Defendants alleged that "neither of the Deputies [Smith or Ritchey] had reason to know that excessive force was being used[ ] and had no opportunity or means to prevent any harm from occurring." [*Id.* at ¶ 47]. They also alleged in their answer that "Deputy Ritchey ... was not on duty on the date in question and did not participate in the apprehension of the Plaintiff." [*Id.* at ¶ 49]. As it turns out, there are two Deputy Ritcheys, and Bailey identified the wrong one. He sued Deputy Carl Ritchey, who was not present at the scene, but should have sued Reserve Deputy Kevin Ritchey, who was present. Bailey conceded his error, and the Court dismissed Deputy Carl Ritchey from the case [Doc. 41]. He now seeks to add Reserve Deputy Kevin Ritchey as a party defendant.

Defendants object to Bailey's motion, claiming that "ample notice was given prior to the deadlines for adding parties [1] that *Kevin Ritchey*, a Reserve Deputy, was present instead. The Plaintiff never attempted to amend the Complaint, however, to name any additional officer or agent as a party and has not served anyone else with process in this matter." [Doc. 31, p. 16] (emphasis in original). They also claim that "it cannot be said that the Defendants misrepresented anything to the Plaintiff regarding the identity of Kevin Ritchey as no inquiry was made of them before this action was filed in which Carl Ritchey was mistakenly named as a Defendant." [Doc. 71, p. 10].

### II. ANALYSIS

Fed. R. Civ. P. 15(a) provides that leave to amend should be freely granted when justice so requires. "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

First, Defendants claim the motion is untimely, that Bailey has delayed filing this motion to amend. They allege they gave "ample notice" to Bailey that Kevin Ritchey was present. To be sure, if they had, that would be a factor weighing against granting the amendment. While Defendants may have done that, they have not shown the Court what notice they gave or when or how they gave it. Their answer does not identify Reserve Deputy Kevin Ritchey as the correct party,

Case 3:21-cv-00389-DCLC-DCP   Document 23-1   Filed 12/22/21   Page 1 of 5
PageID #: 202

only that "Deputy Ritchey ... was not on duty...." [Doc. 5, ¶ 47]. It is also not clear that they even identified Reserve Deputy Ritchey in their initial Rule 26(a) disclosures, which they made back on May 14, 2019. [2] Given that Reserve Deputy Kevin Ritchey was with Deputy Smith at the time of the incident, one would think that they would have identified Reserve Deputy Kevin Ritchey at that time. From Deputy Smith's perspective, Deputy Ritchey would certainly be someone he may want to call "to support [his] defense" that Bailey was in fact assaulting him. But the parties have not made their Rule 26(a) initial disclosures a part of the record.

**\*2** In his motion, Bailey explains that Kevin Ritchey was a "participant in the brutal assault on [him] on January 14, 2018 and should be a correct and proper named defendant in this matter." [Doc. 62, p. 1]. He attributes the delay in adding Deputy Kevin Ritchey to Defendants withholding this information from him and that "only after this Court ordered production of discovery was [he] able to see what [he] knew to be true...." [*Id.* at p. 2].

The issue is one of timing and delay. Defendants claim they gave "ample notice" but that is not clear on this record. The initial scheduling order set January 4, 2020, as the deadline to join parties [Doc. 10] and continuance of the trial extended the deadline to February 8, 2020. But, the earliest that the Court can glean from the record regarding when Defendants first disclosed the identity of the correct "Deputy Ritchie" would have been on March 13, 2020, well after the time to join additional parties under the Scheduling order. [3] At the time that was filed, Bailey was still incarcerated and had not yet obtained his file from his prior counsel [Doc. 33, p. 2]. It was not until June 2, 2020, that Defendants filed a "Declaration Regarding Production of Materials" in which they indicate for the first time that they provided Bailey a "printed copy of the Internal Affairs investigative report...." [Doc. 48, p. 1]. Because Bailey was still incarcerated at the time, they made arrangements with the Corrections Superintendent at the Silverdale Detention Facility for Bailey to review the materials.

This Internal Affairs report positively identifies the "Deputy Ritchey" as Reserve Deputy Kevin Ritchey as the officer who accompanied Deputy Smith that evening. Indeed, this report concludes that "[a] review of the surveillance video shows Reserve Deputy Ritchey utilizing multiple fist strikes on the driver." [Doc. 53, p. 2]. The internal investigation concluded that Deputy Ritchey had utilized excessive force against Bailey that evening but could not conclude whether Deputy Smith had or not because the video did not show what happened in the truck when Deputy Smith entered it.

In light of the timing of the disclosures by Defendants, the Court does not find that Bailey unreasonably delayed filing his motion. Bailey filed his motion to add a party on July 16, 2020 [Doc. 63]. This is slightly more than 50 days from the date of the disclosure of the Internal Affairs report and a little more than four months from Defendants' first disclosure of the true identity of "Deputy Ritchie." Regardless, the disclosure of either of these was after the deadline to join a new party in February.

Defendants cannot claim they lacked notice about the involvement of Reserve Deputy Kevin Ritchey as they knew from day one that Bailey had named the wrong "Deputy Ritchey" in his complaint. They also cannot claim undue prejudice as Defendants have been represented by one counsel and have defended this case from the beginning. They also have known from the beginning the existence of their own Internal Affairs investigative report which concluded that Reserve Deputy Kevin Ritchey used excessive force in his apprehension of Bailey.

**\*3** The last issue the Court must examine is whether the amendment is futile. Whether it is filed too late depends on whether the amendment relates back to the date of the initial complaint. If it relates back to December 19, 2018, it is timely. If it does not relate back, it is barred by the statute of limitations. [4] In a previous order, the Court already noted that the statute of limitations can be tolled by fraudulent concealment. Indeed, the Court asked Defendants to address that issue because Bailey had accused Defendants of purposefully withholding the identity of Kevin Ritchey from him [Doc. 67]. Again, it is not clear from their response when they disclosed the true identity of Deputy Ritchey to Bailey.

Fed. R. Civ. P. 15(c) addresses whether the amendment would relate back to the date of the initial complaint. Rule 15(c) provides as follows:

(c) Relation Back of Amendments.

(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Because Bailey's amendment changes the party given his mistakenly naming Carl Ritchey rather than Kevin Ritchey, only Rule 15(c)(1)(C) applies. [5]

Rule 15(c)(1)(C) governs amendments that "change the party or the naming of the party against whom a claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). Under Rule 15(c)(1)(C), a name-based amendment relates back to the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Ham v. Sterling Emergency Servs. of Midwest, Inc.*, 575 F. App'x 610, 614 (6th Cir. 2014). The Sixth Circuit has "distinguished a plaintiff's *mistake* concerning the identity of a party from a plaintiff's mere *failure to find out* a party's identity." *Id.* at 616 (emphasis in original). In this case, Bailey is asserting a claim that arose out of the conduct described in his original pleading. It also appears that Bailey did not merely fail to find out the officer's identity, but made a mistake concerning his identity.

 *4 Rule 15(c)(1)(C) also requires notice within the time period provided by Rule 4(m) for serving the summons and complaint in order for the amendment to relate back. Rule 4(m) provides for 90 days after the filing of the complaint to effectuate service. In this case, this period expired on March 19, 2019. Thus, the issue is whether by that date Kevin Ritchey "received such notice of the action that it will not be prejudiced in defending on the merits" and whether he "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii).

The Court cannot make that conclusion on the record before it on either of these notice issues. On the notice front, in *Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986), the Sixth Circuit held that "Rule 15(c) does not require that the new defendants received actual notice." Constructive notice is sufficient. *Berndt*, 796 F.2d at 884. It held that "where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice." *Id.* In other words, knowledge of the lawsuit can be imputed to a new defendant where that new defendant is an official of the original defendant. It appears that is the case here. Deputy Kevin Ritchey was a Reserve Deputy for Hamilton County, Tennessee.

The Court also cannot conclude that Kevin Ritchey "knew or should have known" that the suit would have been brought against him on the record before it. Indeed, given the specificity of the incident and his subsequent discipline for using excessive force against Bailey, it is hard to imagine that he would not have known that he was the intended defendant Bailey was attempting to hold accountable, but the record is not clear on that point.

Whether or not Kevin Ritchey can assert a statute of limitations defense to this action is not before the Court. Bailey seeks to add him as a party because he alleges that Kevin Ritchey along with Deputy Jason Smith used excessive force against him. On the record before it, the Court cannot say that this amendment is either untimely because of Defendant's lack of disclosure or futile because the statute of limitations has run. The Court finds justice requires Bailey be permitted to amend his complaint. Accordingly, Bailey's motion to add Kevin Ritchey [Doc. 62] is **GRANTED**.

### III. CONCLUSION

For the reasons set forth above:

1. Bailey's motion to add a party, Kevin Ritchey, is **GRANTED**;

2. Bailey shall file his Amended Complaint by **December 1, 2020,** adding Kevin Ritchey as a party Defendant;

3. If Counsel intends to represent Kevin Ritchey, they should advise the Court accordingly and address service of process issues, whether they are authorized to accept service on his behalf or whether he will waive service;

4. In the meantime, the Clerk is hereby **DIRECTED** to send Bailey service packets (a blank summons and USM 285 form) for Defendant Kevin Ritchey;

5. The Clerk is also **DIRECTED** to send Bailey an affidavit of indigency which he shall also complete and return to the clerk's office if he wants the U.S. Marshal to provide service, assuming service will be required;

6. Bailey is **ORDERED** to complete the service packets and affidavit, if indigent, and return them to the Clerk's Office by **December 1, 2020** along with his Amended Complaint. At that time, the summons will be signed and sealed by the Clerk and, if Bailey is indigent, forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

 **\*5**  7. Bailey is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders pursuant to Federal Rule of Civil Procedure 41(b);

8. Bailey is **NOTIFIED** that failure to return the affidavit of indigency will result in his being required to serve the summons and copy of the amended complaint on Kevin Ritchey;

9. Defendant shall answer or otherwise respond to the Amended Complaint within **twenty-one (21) days** from the date of service. If Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default.

SO ORDERED.

**All Citations**

Slip Copy, 2020 WL 6271193

## Footnotes

1   The Court notes that the Scheduling Order set January 4, 2020 as the deadline to add parties [Doc. 10] and the Court's continuance of the jury trial in this matter extended such deadline to February 8, 2020.

2   Rule 26(a)(1) imposes upon the parties an affirmative obligation to provide the other party "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing may use to support its claims or defenses...."

3   On that date, in their Statement of Material Facts, they state that "[i]n the early morning hours of January 14, 2108 [sic] Defendants Jason Smith, a Hamilton County Sheriff's Office Deputy, and *Kevin* Lebron Ritchey, a Reserve Deputy, responded to an area near the intersection of Highway 158 and Bonny Oaks Drive in Chattanooga to assist Chattanooga Police Department ("CPD") officers with a vehicle pursuit." [Doc. 32, p. 5] (emphasis in original). Defendants make no further reference to Kevin Ritchey in their pleadings but state that "Deputy *Carl* Ritchey was not on duty the evening of this event and took no part in the pursuit and arrest of the Plaintiff." [*Id.* at p. 7].

4   The statute of limitations for a section 1983 action is one year from the date of the incident. *See* Tenn. Code Ann. § 28–3–104(a); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000)). Bailey was arrested on January 14, 2018, so Bailey had to file his complaint by January 14, 2019 for it to be timely.

5   That he named a "John Doe" Defendant does not save his claim against Kevin Ritchey. The Sixth Circuit has held that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Because "such amendments do not satisfy the 'mistaken identity' requirement" of Rule 15(c)(1)(C), the court held that the amended complaint naming specific police officers did not relate back to the original complaint, which listed "unnamed police officers" of the City of Louisville and Kentucky State Police. *Id.* Thus, in this case Bailey cannot substitute Kevin Ritchey in the place of the John Doe Defendant and relate back to the original complaint. The issue then is whether he can satisfy the mistaken identity requirement of Rule 15(c)(1)(C).

**End of Document** © 2021 Thomson Reuters. No claim to original U.S. Government Works.