## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | | |
|---|---|---|
| **AARON MILES BARE**, *et al.*, | ) | **Case No: 3:21-cv-389** |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | **JUDGE CORKER** |
| **v.** | ) | |
| | ) | |
| **CARDINAL HEALTH, INC.,** | ) | |
| | ) | |
| **DEFENDANT**. | ) | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED VERIFIED CLASS ACTION COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND FOR DAMAGES

## I.    <u>INTRODUCTION</u>

Defendant Cardinal Health, Inc. opposes Plaintiffs' Motion for Leave to Amend the First Amended Verified Class Action Complaint for Preliminary and Permanent Injunctive Relief, and For Damages. Although the proposed Second Amended Complaint states that a Motion for Emergency Temporary Restraining Order and Preliminary Injunction is being filed contemporaneously, no such Motion has yet to be filed.[1] Defendant opposes any such motion for emergency relief, but cannot appropriately respond to it in the absence of receiving such motion.[2]

---

[1] Plaintiffs requested an expedited ruling/hearing on the Motion to Amend, but have not moved for either a temporary restraining order or a preliminary injunction. *See Miller v. The Bank of N.Y. Mellon*, 2020 U.S. Dist. LEXIS 14449, at *28 (E.D. Mich. Jan. 29, 2020) (request for TRO must be filed as a motion, not buried as a count in a complaint).

[2] Defendant notes, however, that even if either Plaintiff could assert a cause of action, there is no basis for emergency relief. Mr. Davis has been told he will not be terminated on January 4. (Shull Decl. ¶5) (The Shull Declaration is being filed with this opposition.) Mr. Bare has been accommodated.

1

With respect to the Motion for Leave to Amend, Defendant opposes that as it would be futile. As discussed in the Motion to Dismiss (Doc. 13), Plaintiff Aaron Bare has no claim. The proposed Second Amended Complaint does not cure that, and if filed, Defendant would file a similar Motion to Dismiss with respect to his claims. Similarly, Plaintiff Christopher Davis, who lives and works in Ohio, has no claim. Davis does not claim to have filed a charge with the EEOC. Therefore, any Title VII claim must be dismissed. Moreover, Mr. Davis has not requested a religious accommodation. His claim that he did not know he could request one is belied by the fact that the policy and announcement of it, which they quote in the proposed Second Amended Complaint, provides for accommodation. (Doc. 23-2, page 12, ¶ 27, 30; Doc. 1-4, page 1-2). Plaintiffs' Proposed Second Amended Complaint fails for the same reasons as the First Amended Complaint. Plaintiffs do not have standing, do not have an active case or controversy, and fail to state a claim upon which relief can be granted.

Defendant Cardinal Health, Inc. respectfully requests that this Court deny Plaintiffs' Motion to Amend and dismiss Plaintiffs' Complaint.

## II.   ARGUMENT

### A.    Plaintiff's Proposed Second Amended Complaint is Futile And Should Be Denied.

Denial of leave to amend is appropriate when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). *See also ACT, Inc., v. Worldwide Interactive Network*, 2020 U.S. Dist. LEXIS 128353, at **8-10 (E.D. Tenn. July 21, 2020). When leave to amend is futile, it is proper for the

2

district court to deny the amendment. *Encore Energy, Inc., v. Morris Ky. Wells, LLC*, 2020 U.S. App. LEXIS 31715, at **6-7 (6th Cir. 2020) (affirming denial of leave to amend). An amendment is futile if the amended pleading could not withstand a motion to dismiss. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014).

Plaintiffs' proposed Second Amended Complaint is futile and should be denied.

**B.     Plaintiff Bare Has Failed To Establish Standing, Or A Viable Cause Of Action Against Defendant.**

Plaintiff Bare has no standing to assert the claims in the Amended Complaint. Standing to sue is a prerequisite for any case. *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). To show standing, a party must show they suffered: (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. *Id.* Notably, an injury must affect a plaintiff in a personal and individual way. The injury must not be merely abstract and must actually exist. *Allen v. Whitmer*, 2021 U.S. App. LEXIS 22310, at *6 (6th Cir. July 26, 2021).

Plaintiff Bare admits he received an accommodation. He does not have standing to assert the claims alleged in the Amended Complaint. Other courts have similarly found that standing does not exist in vaccine mandate cases where a party has received an exemption. *See Wade v. University of Connecticut Board of Trustees*, No. 3:21-cv-924, 2021 U.S. Dist. LEXIS 153565, at *21 (D. Conn. Aug. 16, 2021) (plaintiffs who had been granted an exemption from vaccination requirement or who had failed to avail themselves of the process to request an exemption had not suffered an injury that the law recognizes as a basis for the right to complain in court, and therefore did not have standing to proceed); *Klaassen v. Trustees of Indiana Univ.*, No. 1:21-CV-238 DRL, 2021 U.S. Dist. LEXIS 133300, at **36-37 (N.D. Ind. July 18, 2021) (A justiciable controversy in

the vaccine mandate context only exists if plaintiffs do not qualify for exemptions).  Plaintiff has not suffered any injury.  He has no standing to pursue this lawsuit and has no viable cause of action against Defendant.

### C. Plaintiff Davis Has Failed To Establish Standing, Or A Viable Cause Of Action Against Defendant.

Plaintiff Davis similarly has failed to establish standing.  He does not contend that he requested an accommodation that was denied.  Standing does not exist in vaccine mandate cases where a party has not requested an exemption.  *See Wade,* U.S. Dist. LEXIS 153565 at *21 (plaintiffs who had been granted an exemption from vaccination requirement or who had failed to avail themselves of the process to request an exemption had not suffered an injury that the law recognizes as a basis for the right to complain in court, and therefore did not have standing to proceed).  Plaintiff has not asserted any basis for a religious accommodation claim under Title VII.  *See Smith v. Pyro Mining Co.,* 827 F.2d 1081, 1085 (6th Cir. 1987) (a prima facie Title VII religious accommodation case requires employee to prove that employee informed employer about a religious conflict with an employment requirement); *Averett v. Honda of Am. Mfg.*, 2010 U.S. Dist. LEXIS 11307, at *28 (S.D. Ohio February 9, 2010) (employer's obligation to reasonably accommodate an employee's religious practices arises after an employee notifies employer of the need for a religious accommodation).

Davis has been told that his employment will not be terminated on January 4, 2021 and has again been reminded of his ability to request an accommodation.  (Shull Decl. ¶ 5).  Davis does not have standing to assert a claim and cannot assert a claim as a matter of law.

4

**D.     In Addition, Plaintiffs' Title VII Claim (Count I) Must Be Dismissed Because They Have Failed To Exhaust Their Administrative Remedies.**

Moreover, Plaintiffs' claim under Title VII must be dismissed for the additional reason that Plaintiffs have failed to exhaust their administrative remedies through the Equal Employment Opportunity Commission ("EEOC"), as required before commencing suit. Before commencing a lawsuit under Title VII, a plaintiff must first exhaust administrative remedies by filing a timely charge of discrimination with the EEOC and subsequently receiving a right to sue letter from the EEOC. *See* U.S.C. § 2000e-5(e), (f); *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

The purpose of the exhaustion requirement is "to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Scott v. Eastman Chem. Co.*, 275 Fed. Appx. 466, 471 (6th Cir. 2008). Filing a charge and requesting an immediate right to sue, as Plaintiffs claim they have done, does not meet the requirements or purpose of the exhaustion requirement.

The administrative exhaustion requirement is a mandatory precondition before a plaintiff can file suit. *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019). A Title VII plaintiff who has not exhausted his administrative remedies with the EEOC may not seek relief in federal court. *Nichols,* 318 F.3d at 677. Plaintiffs have not shown they are entitled to equitable relief from the exhaustion requirement. *See Steiner v. Henderson,* 354 F.3d 432, 435 (6th Cir. 2003).

Plaintiffs cannot forgo exhausting their administrative remedies under Title VII simply because they may face pecuniary or monetary injury (i.e., the loss of employment or pay). *Doe v. Mills*, 16 F.4th 20, 36 (1st Cir. 2021) (affirming district court's holding that unvaccinated healthcare associates had failed to show that their employment and economic injuries amounted to

5

irreparable harm, especially where they had not exhausted their administrative remedies). This is particularly true here, where Bare admits he has received an accommodation and Davis admits he never requested one. Because Plaintiffs admittedly have not exhausted their administrative remedies, their Title VII claims cannot be asserted here. *See Lockett v. Potter,* 259 Fed. Appx. 784, 786 (6th Cir. 2008). The claim must be dismissed.

### E. Plaintiffs' Emergency Use Authorization Claim (Count II) Fails As A Matter Of Law.

Similarly, Plaintiffs' Emergency Use Authorization ("EUA") claim fails as a matter of law. First, regardless of whether COMIRNATY is available, Plaintiffs have not been forced to receive any vaccine. They have no standing to assert a claim.

Moreover, the U.S. Department of Justice Office of Legal Counsel specifically addressed whether 21 U.S.C. § 360bbb-3 prohibits private entities from imposing vaccination requirements when the only available vaccines for COVID-19 are subject to EUAs and "conclude[d], consistent with FDA's interpretation, that it does not. This language in [21 U.S.C. § 360bbb-3] specifies only that certain information be provided to potential vaccine recipients and does not prohibit entities from imposing vaccination requirements." *See* U.S. Dep't Just. Off. Legal Couns., "Whether Section 564 of the Food, Drug, and Cosmetic Act Prohibits Entities from Requiring the Use of a Vaccine Subject to an Emergency Use Authorization", 45 Ops. Off. Legal Couns., (July 6, 2021) (slip op. at 1) (Ex. 1).[3]

---

[3] Moreover, COMIRNATY has been fully FDA approved. *See* U.S. Food & Drug Administration, "FDA Approves First COVID-19 Vaccine," (Aug. 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine.

6

Likewise, several courts have considered this very issue and rejected the argument Plaintiffs are making in this case. *See McCutcheon v. Enlivant ES*, *LLC*, No. 5:21-cv-00393, 2021 U.S. Dist. LEXIS 216671, at * 7-8 (S.D. WV Nov. 9, 2021) ("[21 U.S.C. § 360bbb-3] outlines the rights and responsibilities of the Secretary of Health and Human Services in an emergency; it has no impact upon the rights and responsibilities of private employers"); *Johnson v. Brown*, No. 3:21-cv-1494-SI, 2021 U.S. Dist. LEXIS 200159, at **51-55 (D. Or. Oct. 18, 2021) (EUA protocols under 21 U.S.C. § 360bbb-3 only apply to the Secretary of Health and Human Services and does not prohibit private entities from mandating EUA vaccinations); *Bridges v. Houston Methodist Hosp.*, No. H-21-1774, 2021 U.S. Dist. LEXIS 110382, at *5 (S.D. Texas June 12, 2021) ("Bridges has misconstrued [21 U.S.C. § 360bbb-3]. It confers certain powers and responsibilities to the Secretary of Health and Human Services in an emergency. It neither expands nor restricts the responsibilities of private employers; in fact, it does not apply at all to private employers like the hospital in this case. It does not confer a private opportunity to sue the government, employer, or worker."); *Pelekai v. Hawaii*, No. 21-cv-00343-DKW-RT, 2021 U.S. Dist. LEXIS 203916, at FN 9 (D. Haw. Oct. 22, 2021) ("In the Complaint, Plaintiffs allege that, under Section 360bbb-3, they must 'consent' to EUA products. That, however, is *not* what the statute provides. Instead, the statute provides that an individual administered an EUA product should be informed 'of the option to accept or refuse the administration of the product.'"); *Valdez v. Grisham*, No. 21-cv-783 MV/JHR, 2021 U.S. Dist. LEXIS 173680, at **13-14 (D. N.M. Sept. 13, 2021) (21 U.S.C. § 360bbb-3(e)(1)(A) only applies to medical providers who are "directly administering the vaccine"); *Klaassen,* 2021 U.S. Dist. LEXIS 133300 at **64-65.

Plaintiffs' claim is subject to dismissal. Plaintiffs do not have standing. COMIRNTY has been fully approved and is not in EUA status. And regardless, there is no claim under the EUA against private employers.

## IV.    <u>CONCLUSION</u>

For each and every of the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' Motion to Amend and grant Defendant's Motion to Dismiss. Moreover, there is no basis for emergency relief, nor have Plaintiffs yet moved for emergency relief.

Respectfully submitted,

*/s/Craig A. Cowart*_____
Craig A. Cowart (017316)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, Tennessee 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
E-mail: Craig.Cowart@jacksonlewis.com

Patricia Pryor (*admitted pro hac vice*)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 322-5035
Email: patricia.pryor@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

*/s/Craig A. Cowart*_____
Craig A. Cowart

8