IN THE UNITED STATES DISTRICT COURT
EASTERN SECTION OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| AARON MILES BARE, ) | |
| on behalf of himself and all other ) | |
| similarly situated employees of ) | |
| Cardinal Health, Inc. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No.: 3:21-cv-389 |
| ) | |
| CARDINAL HEALTH, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

___

**MEMORANDUM OF LAW AND STATEMENT OF FACTS IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

___

Comes the Plaintiff, by and through under-signed counsel, and in support of denying the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint [Doc. # 13-14]. In support of the Plaintiff's Response to Deny in all respects the Defendant's Motion to Dismiss, Plaintiff would show unto this Honorable Court the following:

### STATEMENT OF THE FACTS

Plaintiff filed the original Complaint [Doc. # 1] as a result of the Defendant's failure to provide Plaintiff a religious accommodation from being forced to take the Covid-19 Vaccination as mandated by the Defendant or lose his job. [See Doc. # 1]. Defendant was served with the initial Complaint on November 23, 2021 at 10:40 AM. [Doc. # 8, 8-1]. Interestingly, after the Defendant had been served with Plaintiff's Complaint, which in part sought an emergency temporary restraining order, the Plaintiff was notified by Defendant that his religious accommodation, which

had previously been summarily denied, had now been granted. {Doc. # 8, 8-1] [Doc. # 9], also see [Doc. # 10, Att. 1, Exh. J.]. Afterwards, as the Defendant had not yet answered or moved to dismiss the original Complaint, Plaintiff as of right filed his Amended Complaint. [Doc. # 10]. In Plaintiff's Amended Complaint the Plaintiff amended to seek Rule 23 Class Action Status and sought preliminary injunctive relief as to the religious accommodation the Defendant decided to provide him after being served with the original Complaint, which stated in pertinent part:

> Plaintiff, and all other similarly situated employees, that had their religious exemption requests initially denied by the Defendant, and after this complaint was filed and served on the Defendant, Defendant did an about face with regard to the Plaintiff and decided to grant Plaintiff's exemption request **but only on the contingency that it has a life span of six-months. The document provided to Plaintiff by his employer also contains the following language, "The accommodations provided herein may be modified or eliminated in the event that changes in your condition impact your ability to perform the essential functions of your position, or if the accommodations at any time impose an undue hardship on the Company."** In regard to all other similarly situated employees who may not have been granted an exemption to the COVID-19 Mandatory Vaccination Policy, said employees will lose their jobs if they fail to take the vaccination.

[Doc. # 10, ¶ 7, also see, Exh. J.]. ***Emphasis added.***

In context, Defendant's sham religious accommodation is in all reality not an accommodation at all. As if taken directly from a John Grisham novel, it was only after Defendant had received the Plaintiff's Amended Complaint that it then moved to dismiss the Amended Complaint as moot because it had approved the previously denied religious accommodation of the Plaintiff after having been served with the original Complaint.[1] It is important to note, that Plaintiff's Amended Complaint also sets forth averments that the Defendant caused the Plaintiff mental and emotional anguish from the time it told him he would be fired if he did not get

---

[1] It should be noted that the Plaintiff is filing a Notice of Filing his EEOC right-to-sue approval, which has been mailed to under-signed counsel and not yet received due to a problem with the EEOC's portal. Once received under-signed counsel will supplement the record wit the EEOC right-to-sue letter.

vaccinated up until the time Defendant realized its prior decision was problematic, to say the least, under Tile VII. After being sued, only thereafter granting the religious exemption. [Doc. # 10, ¶ 15, 84, 96, Prayer for Relief ¶ H.].

Although still pending on a Rule 15(a) Motion to Amend, wherein Plaintiff seeks to add Mr. Christopher A. Davis as an additional Class Plaintiff in this case, it is worth noting here that Mr. Davis was not provided the choice of a religious exemption to the Defendant's Covid-19 Mandate and was told he would be terminated by January 4, 2022 if he did not take the vaccine. [Doc. # 23-2, ¶ 3]. Only after the Plaintiff's Motion to Amend was filed with the proposed Second Amended Complaint and was served upon Defendant's counsel through this Honorable Court's ECF system, did the Defendant then email Mr. Davis and tell him he would not be fired on January 4, 2022. See Exhibit A. The reason the Plaintiff raises this herein is that it shows continuing conduct by the Defendant to pick the winners and losers as to other similarly situated employees that submit religious accommodation exemptions from having to take the Covid-19 Vaccine without affording proper due process to said employees. Id., see also Exh. J to Plaintiff's Amended Complaint Doc. # 10. To the extent not done so, Plaintiff cites verbatim to the record in this case as if fully set forth verbatim herein. See Record – 3:21-cv-389.

## **LAW AND ARGUMENT**

Motions to dismiss for failure to state a claim are reviewed de novo. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 479 (6th Cir. 2020); *Doe v. Baum*, 903 F.3d 575, 580 (6th Cir. 2018). To survive such motions, a plaintiff's complaint must provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering whether a plaintiff's complaint does so, we accept as true its factual allegations and draw all reasonable inferences in his favor, but we disregard any legal conclusions. *Doe*, 903 F.3d at 580–81. The

factual allegations will suffice if they " 'plausibly suggest[ ]' that he can meet the elements of his claim," *id.* at 580 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), and allow us "to draw the reasonable inference" that the defendants would be liable if plaintiff could prove his alleged facts, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173. Plaintiff's Amended Complaint herein is not only entitled to all averments as true but also that all reasonable inferences must be construed in Plaintiff's favor. For this reason, along with the arguments set forth below the Defendant's Motion to Dismiss must be denied in all respects.

### I. Defendant's recent accommodation/non-accommodation to Plaintiff does not remove the need for a Preliminary Injunction as to Plaintiff and all other similarly situated Cardinal Health employees as the sham accommodation states by its own words it can be revoked at any time or in six months-time it can be re-evaluated and denied should the Defendant, at its sole discretion, and without any proper procedures determine to do so.

Defendant's purported religious accommodation to the Defendant's Covid-19 Vaccine Mandate is **an accommodation without accommodation** and is nothing but a complete fallacy perpetrated on the Defendant's employees seeking religious accommodation. As noted in the Statement of Facts above and as set forth in the record, the Defendant after having first denied Plaintiff's religious accommodation to not have to take the vaccine, after having been served with the original Complaint [Doc. # 1] only then was the Plaintiff's religious accommodation request granted. **Emphasis added**. It is essential that the Court note the following again:

> Plaintiff, and all other similarly situated employees, that had their religious exemption requests initially denied by the Defendant, and after this complaint was filed and served on the Defendant, Defendant did an about face with regard to the Plaintiff and decided to grant Plaintiff's exemption request **but only on the contingency that it has a life span of six-months. The document provided to Plaintiff by his employer also contains the following language, "The accommodations provided herein may be modified or eliminated in the event that changes in your condition impact your ability to perform the essential functions of your position, or if the accommodations at any time impose an undue hardship on the Company."** In regard to all other similarly situated employees who may not have been granted an exemption to the COVID-19 Mandatory Vaccination Policy, said employees will lose their jobs if they fail to take the vaccination.

[Doc. # 10, ¶ 7, also see, Exh. J.]. **Emphasis added.**

To reiterate, this Defendant has said in its own words in the record that it can take away the religious accommodation at their sole discretion. This is not an accommodation; it is a shell game.

In addition, to make matters worse for the Defendant, the Defendant has raised in its Response to the Plaintiff's Motion for Leave to Amend [Doc. # 26] that the proposed Second Amended Complaint is moot due to the fact that the proposed Second Amended Complaint, after it was served on Defendant's counsel, a Cardinal Health upper management employee advised that the proposed additional Class Plaintiff, Mr. Davis, would not be terminated on January 4, 2022, **again after Defendant had been served with the Motion to Amend** [Doc. # 26]. **Emphasis added,** see also Exhibit A. However, Mr. Davis has yet to be provided a religious accommodation by this Defendant. See Exhibit B.

This case is far from moot for three reasons. First, the so-called accommodation non-accommodation provided by the Defendant, after it was sued and served with this lawsuit, can be taken away at any time or denied after a six-month time span as the Defendant has not set forth any proper procedures it intends to utilize at the six-month reconsideration period with which to review Plaintiff's apparently required second request for a religious accommodation. Moreover, a religious accommodation either should be granted or denied in the first instance. It strains credulity for the Defendant to aver it has afforded Plaintiff a religious accommodation that he has to re-apply for in six months. Does the Defendant reasonably believe Plaintiff is going to become an agnostic or atheist in the next six months? Of course, it does not! Defendant's six-month, mandatory re-application requirement, therefore, is no accommodation whatsoever, thereby entitling the Plaintiff to injunctive relief by way of a non-emergency motion for preliminary injunction. In any and all events, Plaintiff and all similarly situated employees, including the

proposed additional Class Plaintiff are and will remain under threat of arbitrary termination, and apparently, periodic reviews to determine the vigorous extent of their religiosity. The same without question constitutes nothing less than an ongoing religious test and yet further demonstrate that this Defendant's employment decisions against Plaintiff and all other similarly situated employees constitutes a discrimination against employees who refused to take the vaccine based on fervently-held religious beliefs. Second, the Plaintiff, as well as the proposed additional Class Plaintiff, Mr. Davis, have claims for mental and emotional anguish as a direct result of the Defendant telling him he would be fired absent taking the Covid-19 Vaccination. Third, if this Honorable Court should decide that this case is moot with regard to the sham religious accommodation, then by the Defendant's own actions set forth herein the Plaintiffs would be prevailing parties and as such entitled to an award of attorney's fees.

The harm raised in the Plaintiff's Complaint, as well as the Amended Complaint and the yet to be granted Second Amended Complaint is subject to repetition by the Defendant's own admission and at its sole discretion. The claims made herein are not strictly applied to the Plaintiff but are as the original complaint stated applicable to all other similarly situated employees of the Defendant so in sum Plaintiff's Complaint, Amended Complaint and Proposed Second Amended Complaint is not uniquely tied to the Plaintiff and proposed additional Class Plaintiff only. Moreover, the issue of accommodation/non-accommodation by the Defendant's own words is ongoing! This case is ongoing not only because the Defendant's religious accommodation to its Mandatory Covid-19 Vaccination is a sham with employees being fired daily for refusal to take the vaccine for religious purposes, but also for the reason that the Defendant has made clear that their illegal conduct is open to repetition by its own admission in its accommodation document it makes its employees sign to keep their jobs (perhaps only the employees that file suit to save their

jobs) and finally because the Plaintiff has sufficiently pled that he has suffered at the hands of the Defendant sever mental and emotional anguish as a result of the Defendant's illegal conduct.

Under Article III of the Federal Constitution, the federal courts can only decide "Cases" or "Controversies." U.S. Const. art. III, § 2. So the federal courts adjudicate "only genuine disputes between adverse parties, where the relief requested would have a real impact on the legal interests of those parties." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006). Thus, "[i]f 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Id.* (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).

To be capable of repetition but evading review, a dispute must satisfy a two-pronged test. First, the challenged action must be too short in duration for the parties to fully litigate it before it becomes moot. And second, there must be "a reasonable expectation that the same complaining party will be subject to the same action again." *Wis. Right To Life*, 551 U.S. at 462, 127 S.Ct. 2652 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). In other words, "[t]o be capable of repetition, 'the chain of potential events does not have to be air-tight or even probable.'" *Memphis A. Philip Randolph Inst.*, 2 F.4th at 560 (quoting *Barry v. Lyon*, 834 F.3d 706, 716 (6th Cir. 2016)). Still, "a mere physical or theoretical possibility" that the events prompting the suit will come back is not enough. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). So a case "is not capable of repetition if it is based on a unique factual situation." *Memphis A. Philip Randolph Inst.*, 2 F.4th at 560; *see also Libertarian Party of Ohio*, 462 F.3d at 584.

Moreover, Article III, § 2 of the United States Constitution vests federal courts with jurisdiction to address "actual cases and controversies." *Coalition for Gov't Procurement v. Fed.*

*Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citing U.S. CONST. art III, § 2). Federal courts are prohibited from rendering decisions that "do not affect the rights of the litigants." *Id.* (citing *Southwest Williamson County Cmty. Assoc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001)). This is broadly known as justiciability doctrine and encompasses the concepts of mootness and ripeness. A case becomes moot "when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *See Cleveland Branch, N.A.A.C.P. v. City of Parma, OH,* 263 F.3d 513, 530 (6th Cir. 2001) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).

The United States Supreme Court has weighed in on mootness as well. *Roman catholic Diocese of Brooklyn v. Cuomo*, 114 S. Ct. 63 (2020). In *Cuomo,* the court held that although the Supreme Court has addressed mootness in the context of COVID-19 restrictions, the factual circumstances are similar to those present here. In *Cuomo*, the Supreme Court held that the plaintiffs' challenge to a state COVID-19 pandemic order limiting attendance at religious services was **not** moot even though the state had relaxed the attendance limitations in response to declining COVID-19 cases. *Cuomo*, 114 S. Ct. 63, 68 (2020). Emphasis added**. The Court reasoned in *Cuomo* that the plaintiffs "remain under a constant threat" that the state will reimpose attendance limits without notice and "bar individuals in the affected area from attending services before judicial relief can be obtained."** Id. at 68. Emphasis added. The state health department assigned areas to different risk categories based on the severity of the COVID-19 outbreak, and imposed defined restrictions on activity. Id. at 66. The state continued to use this framework, meaning that the plaintiffs remained at risk of restrictions on attendance at religious services if the number of COVID-19 cases, deaths, and hospitalizations increased. Id. at 68. In the case at bar, the Defendant herein has retained the ability to deny religious accommodations to the

Covid-19 Vaccine Mandate, limit them in duration, deny them after re-application in six months or not provide a religious accommodation at all, which would result in termination of the employee.

In other words, the mootness doctrine posits that cases, which, due to changed circumstances, can no longer impact the interests of the litigants, may not be adjudicated in the federal courts. *See DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (finding moot plaintiff's case challenging the constitutionality of a state law school's admissions process where plaintiff was nearing completion of his final year in law school when the case reached the United States Supreme Court for review and he would not go through law school admission process again). Finally, the "heavy burden" of demonstrating mootness falls on the party asserting it. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000).

Indeed, a defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). Where the defendant voluntarily ceases the challenged conduct, the defendant must establish that: "**there is no reasonable expectation that the alleged violation will recur"; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation**." *Thomas v. City of Memphis*, 996 F.3d 318, 324 (6th Cir. 2021) (quoting *Speech First v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019)). Therefore, the Defendant's burden of demonstrating mootness 'is a heavy one,' which it cannot prevail on. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953)).

Page **9** of **15**

Case 3:21-cv-00389-DCLC-DCP   Document 31   Filed 01/07/22   Page 9 of 15
PageID #: 291

In the case at bar, as the record reflects, and by the admission of the Defendant herein, not only is the Defendant's illegal conduct as set forth in Plaintiff's Amended Complaint and Proposed Second Amended Complaint capable of being repeated going forward, the Plaintiff and all other similarly situated employees of the Defendant (including but not limited to Mr. Davis who has not yet been granted a religious accommodation) are guaranteed to either be fired and/or go through the religious accommodation process again, either immediately or in six-months-time in the Defendant's sole discretion and at such time in the interim may be denied their religious freedom and terminated from the job as a result thereof.

For this reason alone, Defendant's Motion to Dismiss should be denied in all respects.

**II.** **This case is not moot as Plaintiff has raised sufficient averments in the Amended Complaint as to damages resulting from mental and emotional anguish directly related to the Defendant's refusal to provide Plaintiff a religious accommodation to its Covid-19 Vaccine Mandate.**

Plaintiff has sufficiently raised a claim for mental and emotional anguish in the Amended Complaint. [Doc. # 10, ¶ 15, 84, 96, see also Prayer for Relief ¶ H.]. For this additional reason, this case is not moot because all claims have not been adjudicated against the Defendant. Id. Courts that have recognized the tort of mental distress, including *Pratt v. Brown,* 855 F.2d 1225 (6th Cir.1988), have identified four elements essential to a prima facie claim: (1) extreme and outrageous conduct that is (2) intentional or reckless and (3) causes (4) severe emotional distress.

The commentary to the Second Restatement of Torts explains the emotional distress requirement as follows: The rule stated in this Section applies only where the emotional distress has in fact resulted, and where it is severe. Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation,

embarrassment, anger, chagrin, disappointment, worry, and nausea. *Pratt,* 855 F.2d 1225 (6th Cir. 1988)

Plaintiff's claim herein for mental and emotional anguish caused by the Defendant's illegal refusal to grant his religious accommodation to the Covid-19 Vaccine Mandate at least at all times before he was afforded his accommodation, falls squarely within the definition provided by the Second Restatement of Torts cited above. As a result, Defendant's Motion to Dismiss the Amended Complaint must be denied.[2]

### III. In the alternative, should this Court decide that dismissal should be granted as to the Amended Complaint, any such dismissal would be based solely on the Defendant's change of position and, as such, Plaintiff should be considered the prevailing party and be entitled to an award of reasonable attorney's fees.

Should this Honorable Court find that this case is moot, then, in the alternative, Plaintiff would argue he is a prevailing party in this lawsuit and as a result is entitled to his damages, including but not limited to reasonable attorney's fees, as well as damages for mental and emotional anguish. The United States Supreme Court has held that success on the merits of the case to be a prevailing party is not necessary. *Maher v. Gagne*, 448 U.S. 122, 129-130 (1980). The Court noted, the Senate Report expressly stated that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S.Rep. No. 94–1011, p. 5 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5912. Id. at 129-130.

The district court, "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Thus, in order for a plaintiff to receive attorneys' fees, the plaintiff must be the prevailing party. A plaintiff may be considered a prevailing

---

[2] Plaintiff would also note that the Proposed Second Amended Complaint [Doc. # 23] expounds even further the mental and emotional anguish the Plaintiff suffered as a result of the Defendant's refusal to grant him a religious accommodation to the Covid-19 Vaccine Mandate.

Page **11** of **15**

Case 3:21-cv-00389-DCLC-DCP   Document 31   Filed 01/07/22   Page 11 of 15
PageID #: 293

party if the plaintiff "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), such that "the defendant's behavior [is modified] in a way that directly benefits the plaintiff," *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

In the case at bar, it cannot seriously be argued that the entry of a dismissal in this action based on mootness is not directly related to the Defendant's change in position after having been sued. It can also not be argued that Defendant's change in position as a result of being sued in this civil action did not directly benefit the Plaintiff. Defendant initially denied the Plaintiff's religious accommodation from the Covid-19 Vaccination Mandate. Plaintiff then filed suit, served the Defendant and it was only after the Defendant was aware of the lawsuit against it that it then granted Plaintiff's religious accommodation. There can be no doubt that the Defendant's change in its religious accommodation position is a material alteration of the legal relationship between the Plaintiff and the Defendant.

To reiterate, Plaintiff filed the original Complaint [Doc. # 1] as a result of the Defendant's failure to provide Plaintiff a religious accommodation from being forced to take the Covid-19 Vaccination as mandated by the Defendant or lose his job. [See Doc. # 1]. Defendant was served with the initial Complaint on November 23, 2021 at 10:40 AM. [Doc. # 8, 8-1]. Interestingly, after the Defendant had been served with Plaintiff's Complaint, which in part sought an emergency temporary restraining order, the Plaintiff was notified by Defendant that his religious accommodation, which had previously been summarily denied, had now been granted. {Doc. # 8,

8-1] [Doc. # 9], also see [Doc. # 10, Att. 1, Exh. J.]. Afterwards, as the Defendant had not yet answered or moved to dismiss the original Complaint, Plaintiff as of right filed his Amended Complaint. [Doc. # 10]. In Plaintiff's Amended Complaint the Plaintiff amended to seek Rule 23 Class Action Status and sough preliminary injunctive relief as to the religious accommodation the Defendant decided to provide him after being served with the original Complaint, which stated in pertinent part:

> Plaintiff, and all other similarly situated employees, that had their religious exemption requests initially denied by the Defendant, and after this complaint was filed and served on the Defendant, Defendant did an about face with regard to the Plaintiff and decided to grant Plaintiff's exemption request **but only on the contingency that it has a life span of six-months. The document provided to Plaintiff by his employer also contains the following language, "The accommodations provided herein may be modified or eliminated in the event that changes in your condition impact your ability to perform the essential functions of your position, or if the accommodations at any time impose an undue hardship on the Company."** In regard to all other similarly situated employees who may not have been granted an exemption to the COVID-19 Mandatory Vaccination Policy, said employees will lose their jobs if they fail to take the vaccination.

[Doc. # 10, ¶ 7, also see, Exh. J.]. ***Emphasis added.***

In context, Defendant's sham religious accommodation is in all reality not an accommodation at all. As if taken directly from a John Grisham novel, it was only after Defendant had received the Plaintiff's Amended Complaint that it then moved to dismiss the Amended Complaint as moot because it had approved the previously denied religious accommodation of the Plaintiff after having been served with the original Complaint. It is important to note, that Plaintiff's Amended Complaint also sets forth averments that the Defendant caused the Plaintiff mental and emotional anguish from the time it told him he would be fired if he did not get vaccinated up until the time Defendant realized its prior decision was problematic, to say the least, under Title VII.

Based on the foregoing, and in the alternative, should this Court find dismissal on mootness to be appropriate, Plaintiff should be awarded his reasonable attorney's fees, as well as damages so to his mental and emotional anguish claim after a hearing on same.

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT DENY, IN ALL RESPECTS, THE DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT.**

**IN THE ALTERNATIVE, SHOULD THIS HONORABLE COURT FIND THAT DISMISSAL IS APPROPRIATE BASED ON MOOTNESS, THEN THE COURT FIND THE PLAINTIFF TO BE THE PREVAILING PARTY AND AWARD ATTORNEY'S FEES AND DAMAGES AS A RESULT THEREOF.**

Respectfully submitted,

s/Russ Egli
Russ Egli
**The Egli Law Firm**
Co-Counsel for the Plaintiff
The Wisdom Building
11109 Lake Ridge Drive, FL3
Concord, TN 37934
865-304-4125
russegliatty@tds.net

s/Darren V. Berg
Darren V. Berg
**Law Offices of Darren V. Berg**
Lead Counsel for Plaintiff
P.O. Box 453
Knoxville, TN 37901
865-773-8799
dberglawfirm@gmail.com

*Counsel for Plaintiff*

## ECF CERTIFICATE OF SERVICE

I, the under-signed authority, certify that this pleading has been sent to all counsel of Record through the Court's ECF filing system.

        s/Russ Egli
        Russ Egli
        **The Egli Law Firm**
        Co-Counsel for the Plaintiff