**IN THE UNITED STATES DISTRICT COURT
EASTERN SECTION OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| AARON MILES BARE, | ) | |
| on behalf of himself and all other | ) | |
| similarly situated employees of | ) | |
| Cardinal Health, Inc. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:21-cv-389 |
| | ) | |
| CARDINAL HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

---

## MEMORANDUM OF LAW AND STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE FOR LEAVE TO AMEND

---

Comes the Plaintiff, by and through counsel, and in support of its Reply to the Defendant's Response in Opposition First Motion to Amend Revise [Doc. # 26] files this Memorandum of Law and Statement of Facts.

## <u>STATEMENT OF FACTS</u>

Plaintiff filed the original Complaint [Doc. # 1] as a result of the Defendant's failure to provide Plaintiff a religious accommodation to being forced to take the Covid-19 Vaccination as mandated by the Defendant. [See Doc. # 1]. Defendant was served with the initial Complaint on November 23, 2021 at 10:40 AM. [Doc. # 8, 8-1]. Interestingly, after the Defendant had been served with Plaintiff's complaint which in part sought an emergency temporary restraining order, the Plaintiff was notified by Defendant that his religious accommodation, which had previously been summarily denied, had now been granted. [Doc. # 8, 8-1] [Doc. # 9], see also [Doc. # 10, Att.

1, Exh. J.]. Afterwards, as the Defendant had not yet answered or moved to dismiss the original

Complaint, Plaintiff as of right filed his Amended Complaint. [Doc. # 10]. In Plaintiff's Amended

Complaint the Plaintiff amended to seek Rule 23 Class Action Status and sough preliminary

injunctive relief as to the religious accommodation the Defendant decided to provide him after

being sued, which stated in pertinent part:

> Plaintiff, and all other similarly situated employees, that had their religious exemption requests initially denied by the Defendant, and after this complaint was filed and served on the Defendant, Defendant did an about face with regard to the Plaintiff and decided to grant Plaintiff's exemption request **but only on the contingency that it has a life span of six-months. The document provided to Plaintiff by his employer also contains the following language, "The accommodations provided herein may be modified or eliminated in the event that changes in your condition impact your ability to perform the essential functions of your position, or if the accommodations at any time impose an undue hardship on the Company."** In regard to all other similarly situated employees who may not have been granted an exemption to the COVID-19 Mandatory Vaccination Policy, said employees will lose their jobs if they fail to take the vaccination.

[Doc. # 10, ¶ 7, also see, Exh. J.]. ***Emphasis added.***

In context, Defendant's sham religious accommodation is in all reality not an

accommodation at all. As if taken directly from a John Grisham novel, it was only after Defendant

had received the Plaintiff's Amended Complaint that it then moved to dismiss the Amended

Complaint as moot because it had approved the previously denied religious exemption of the

Plaintiff after having been served with the original Complaint, as well as the Amended Complaint

seeking Rule 23 Class status. It is important to note, that the Plaintiff's Amended Complaint set

forth averments that the Defendant had caused the Plaintiff mental and emotional anguish from

the time it told him he would be fired if he did not get vaccinated up until the time Defendant did

a 180 on its decision after being sued thereafter granting the religious exemption. [Doc. # 10, ¶ 15,

84, 96, also see Prayer for Relief ¶ H.]. This claim for mental and emotional anguish has also been

added in the Proposed Second Amended Complaint. [Doc. # 23].

Although, still pending on a Rule 15(a) Motion to Amend, wherein Plaintiff seeks to add

Mr. Christopher A. Davis as an additional Class Plaintiff in this case, it is worth noting here that

Mr. Davis was not provided the choice of a religious exemption to the Defendant's Covid-19 Mandate (until after he sued the Defendant) and was told he would be terminated by January 4, 2022 if he did not take the vaccine. [Doc. # 23-2, ¶ 3]. Only after the Plaintiff's Motion to Amend was filed with the proposed Second Amended Complaint was served upon Defendant's counsel through this Honorable Court's ECF system did the Defendant then email Mr. Davis and tell him he would not be fired on January 4, 2022. See Exhibit A. The reason the Plaintiff raises this herein is that it shows a continuing motive by the Defendant to pick the winners and losers as to other similarly situated employees that submit religious accommodation exemptions from having to take the Covid-19 Vaccine without affording proper due process to said employees. Id., see also Exh. J to Plaintiff's Amended Complaint Doc. # 10. To date, Mr. Davis has not been provided a religious accommodation to the Defendant's Covid-19 Vaccine Mandate, although he has applied for one. See Exhibit B. Mr. Davis is also filing or has filed his complaint with the EEOC in Ohio and is seeking a right to sue letter. Regarding Mr. Davis, and as the original Complaint and Amended Complaint and proposed Second Amended Complaint make clear, this Honorable Court has the power to maintain the status quo under these set of facts while the EEOC is providing the right-to-sue letter. See Exhibit C, see also [Doc. # 1, Doc. # 10 and Doc. # 23]. To the extent not done so, Plaintiff cites verbatim to the record in this case as if fully set forth verbatim herein. See Record – 3:21-cv-389.

## LAW AND ARGUMENT

Leave to amend should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "[I]t should be emphasized that the case law in this Circuit manifests 'liberality in allowing amendments to a complaint.' " *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015). The Proposed Second Amended Complaint should be granted.

While "the grant or denial of an opportunity to amend is within the discretion of the District Court," "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion," but "abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*, 371 U.S. at 182, 83 S.Ct. 227.

The Sixth Circuit has held that the denial of a motion to amend without explanation or justification is an abuse of discretion, *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000), unless the reason for the denial of a motion to amend is "readily apparent, particularly in view of the liberal position of the federal rules on granting amendments, " *FDIC v. Bates*, 42 F.3d 369, 373 (6th Cir. 1994) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). "A proposed amendment is futile only if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun*, 871 F.3d at 469 (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). Plaintiff's Proposed Second Amended Complaint clearly can withstand a motion to dismiss for the reasons set forth herein.

**I.** **Defendant's recent accommodation/non-accommodation to Plaintiff does not render the Proposed Second Amended Complaint moot or futile nor does it remove the need for a Preliminary Injunction as to Plaintiff and all other similarly situated Cardinal Health employees as the sham accommodation states by its own words it can be revoked at any time or in six months-time it can be re-evaluated and denied should the Defendant, in its sole discretion, determine to do so.**

Plaintiff's Proposed Second Amended Complaint is not futile because Defendant's purported religious accommodation to the Defendant's Covid-19 Vaccine Mandate is **an accommodation without accommodation** and is nothing but a complete fallacy perpetrated on this Honorable Court. As noted in the Statement of Facts above and as is the record in this cause clearly shows, the Defendant, after having first denied Plaintiff's religious accommodation to not have to take the vaccine, after having been served with the original Complaint [Doc. # 1] immediately then granted the Plaintiff's religious accommodation request. **Emphasis added**. It is essential that the Court note the following again:

> Plaintiff, and all other similarly situated employees, that had their religious exemption requests initially denied by the Defendant, and after this complaint was filed and served on the Defendant, Defendant did an about face with regard to the Plaintiff and decided to grant Plaintiff's exemption request **but only on the contingency that it has a life span of six-months. The document provided to Plaintiff by his employer also contains the following language, "The accommodations provided herein may be modified or eliminated in the event that changes in your condition impact your ability to perform the essential functions of your position, or if the accommodations at any time impose an undue hardship on the Company."** In regard to all other similarly situated employees who may not have been granted an exemption to the COVID-19 Mandatory Vaccination Policy, said employees will lose their jobs if they fail to take the vaccination.

[Doc. # 10, ¶ 7, also see, Exh. J.]. **Emphasis added.**

Likewise, Mr. Davis was mot made aware of his ability to seek a religious exemption to the Defendant's Covid-19 Vaccine Mandate until after he filed and served his Motion to Amend on opposing counsel. [Doc. # 23]. Mr. Davis' religious accommodation application has not been granted at this time and as the Defendant's own admissions make crystal clear they can deny the application for any reason. Id. To reiterate, this Defendant has said in its own words in the record

that it can take away the religious accommodation at its sole discretion. Id. This is not an accommodation; it is a shell.

In addition, to make matters worse for the Defendant, the Defendant has raised in its Response to the Plaintiff's Motion for Leave to Amend [Doc. # 26] that the proposed Second Amended Complaint is moot due to the fact that the proposed Second Amended Complaint, after it was served on Defendant's counsel, that all of the sudden a Cardinal Health upper management employee of said Corporation advised that the proposed additional Class Plaintiff, Mr. Davis, would not be terminated on January 4, 2022 **again after Defendant had been served with the Motion to Amend** [Doc. # 26]. However, Mr. Davis has yet to be provided a religious accommodation by this Defendant. Id. See Exhibit B. Therefore, his proposed addition to this action is not capable of being dismissed by a Fed. R. Civ. P. 12(b)(6) motion.

This Proposed Second Amended Complaint is not futile and is far from moot for three reasons. First, the so-called accommodation i.e., non-accommodation provided by the Defendant, after it was sued and served with this lawsuit, to the Plaintiff can be taken away at any time or denied after a six-month time span. Second, the Plaintiff, as well as the proposed additional Class Plaintiff, Mr. Davis, have claims for mental and emotional anguish as a direct result of the Defendant informing them that they would be fired absent taking the Covid-19 Vaccination. Third, if this Honorable Court should decide that this case is moot with regard to the sham religious accommodation, even though Defendant can take it away at any time for any reason, then by the Defendant's own actions set forth herein, the Plaintiff's would be prevailing parties and as such entitled to an award of attorney's fees.

The harm raised in the Plaintiff's Complaint, as well as the Amended Complaint and the yet to be granted Second Amended Complaint is subject to repetition by the Defendant's sole

discretion. The claims made herein are not strictly applied to the Plaintiff but are as the original complaint stated applicable to all other similarly situated employees of the Defendant so in sum Plaintiff's Complaint, Amended Complaint and Proposed Second Amended Complaint is not uniquely tied to the Plaintiff and proposed additional Plaintiff only. Moreover, this issue of accommodation/non-accommodation by the Defendant's own words is ongoing! This case is ongoing not only because the Defendant's religious accommodation to its Mandatory Covid-19 Vaccination is a sham with employees being fired daily for refusal to take the vaccine for religious purposes, the reason that the Defendant has made clear that their illegal conduct is open to repetition by its own admission in its accommodation document it makes its employees sign to keep their jobs (perhaps only the employees that file suit to save their jobs) and finally because the Plaintiff has sufficiently pled that he has suffered at the hands of the Defendant sever mental and emotional anguish as a result of the Defendant's illegal conduct.

Under Article III of the Federal Constitution, the federal courts can only decide "Cases" or "Controversies." U.S. Const. art. III, § 2. So the federal courts adjudicate "only genuine disputes between adverse parties, where the relief requested would have a real impact on the legal interests of those parties." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 584 (6th Cir. 2006). Thus, "[i]f 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' then the case is moot and the court has no jurisdiction." *Id.* (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).

To be capable of repetition but evading review, a dispute must satisfy a two-pronged test. First, the challenged action must be too short in duration for the parties to fully litigate it before it becomes moot. And second, there must be "a reasonable expectation that the same complaining party will be subject to the same action again." *Wis. Right To Life*, 551 U.S. at 462, 127 S.Ct.

2652 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). In other words, "[t]o be capable of repetition, 'the chain of potential events does not have to be air-tight or even probable.'" *Memphis A. Philip Randolph Inst.*, 2 F.4th at 560 (quoting *Barry v. Lyon*, 834 F.3d 706, 716 (6th Cir. 2016)). Still, "a mere physical or theoretical possibility" that the events prompting the suit will come back is not enough. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). So, a case "is not capable of repetition if it is based on a unique factual situation." *Memphis A. Philip Randolph Inst.*, 2 F.4th at 560; *see also Libertarian Party of Ohio*, 462 F.3d at 584.

Moreover, Article III, § 2 of the United States Constitution vests federal courts with jurisdiction to address "actual cases and controversies." *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citing U.S. CONST. art III, § 2). Federal courts are prohibited from rendering decisions that "do not affect the rights of the litigants." *Id.* (citing *Southwest Williamson County Cmty. Assoc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001)). This is broadly known as justiciability doctrine and encompasses the concepts of mootness and ripeness. A case becomes moot "when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *See Cleveland Branch, N.A.A.C.P. v. City of Parma, OH,* 263 F.3d 513, 530 (6th Cir. 2001) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)).

The United States Supreme Court has weighed in on mootness as well. *Roman catholic Diocese of Brooklyn v. Cuomo*, 114 S. Ct. 63 (2020). In *Cuomo,* the court held that although the Supreme Court has addressed mootness in the context of COVID-19 restrictions, the factual circumstances are similar to those present here. In *Cuomo*, the Supreme Court held that the plaintiffs' challenge to a state COVID-19 pandemic order limiting attendance at religious services

was **not** moot even though the state had relaxed the attendance limitations in response to declining COVID-19 cases. *Cuomo,* 114 S. Ct. 63 at **The Court in *Cuomo* reasoned that the plaintiffs "remain under a constant threat" that the state will reimpose attendance limits without notice and "bar individuals in the affected area from attending services before judicial relief can be obtained."** Id. at 68. Emphasis added. The state health department assigned areas to different risk categories based on the severity of the COVID-19 outbreak, and imposed defined restrictions on activity. Id. at 66. The state continued to use this framework, meaning that the plaintiffs remained at risk of restrictions on attendance at religious services if the number of COVID-19 cases, deaths, and hospitalizations increased. Id. at 68. Here, Defendants do not presently use a similar framework for imposing mask requirements and other pandemic restrictions. To the contrary, Defendants herein have retained the ability to deny religious accommodations to the Covid-19 Vaccine Mandate, limit them in duration, deny them after re-application in six months or not provide a religious accommodation at all, which would very likely result in termination of the employee.

In other words, the mootness doctrine posits that cases, which, due to changed circumstances, can no longer impact the interests of the litigants, may not be adjudicated in the federal courts. *See DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (finding moot plaintiff's case challenging the constitutionality of a state law school's admissions process where plaintiff was nearing completion of his final year in law school when the case reached the United States Supreme Court for review and he would not go through law school admission process again). Finally, the "heavy burden" of demonstrating mootness falls on the party asserting it. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Indeed, a defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). Where the defendant voluntarily ceases the challenged conduct, the defendant must establish that: "there is no reasonable expectation that the alleged violation will recur"; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Thomas v. City of Memphis*, 996 F.3d 318, 324 (6th Cir. 2021) (quoting *Speech First v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019)). We caution that "[t]he burden of demonstrating mootness 'is a heavy one.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953)).

In the case art bar, as the record reflects, and by the admission of the Defendant herein not only is the Defendant's illegal conduct as set forth in Plaintiff's Amended Complaint and Proposed Second Amended Complaint capable of being repeated going forward the Plaintiff and all other similarly situated employees of the Defendant (including but not limited to Mr. Davis who has not yet been granted a religious accommodation) are guaranteed to either be fired and/or go through the religious accommodation process again, either immediately or in six-months-time in the Defendant's sole discretion and at such time may be denied their religious freedom and terminated from the job as a result thereof.

Plaintiff's Proposed Second Amended Complaint is not futile.

For this reason alone, Defendant's Objection to Leave to Amend must be denied.

## II.     <u>Defendant's EUA argument is mis-placed and without merit and, as such, Plaintiff's Proposed Second Amended Complaint is not futile.</u>

Defendant's EUA argument is misplaced and without merit as the Slip Opinion attached in support thereof is at best advisory only and would in no way render the Second Amended Complaint futile. Moreover, none of the cases cited by the Defendant are directly on point.

Furthermore, the Slip Opinion relied on by the Defendant has no authority whatsoever as it is simply an opinion letter from the President's Deputy Counsel. It is important to note in this regard that notwithstanding the utter inapplicability of the musings of the President's second in command lawyer for his Whitehouse, and only his Whitehouse, said Attorney in Footnote 3 on page 2 of said irrelevant, immaterial and non-binding opinion states that the Whitehouse does "not address whether other federal, state, or local regulations, such as the Americans with Disabilities Act ("ADA"), might restrict the ability of public or entities to adopt particular vaccination policies."

The bottom line is the Defendant has utterly failed to demonstrate the Second Amended Complaint constitutes a futility.

**WHEREFORE, PREMISES CONSIDERED, THE PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT (SECOND) SHOULD BE GRANTED.**

Respectfully submitted,

s/Russ Egli
Russ Egli
**The Egli Law Firm**
Co-Counsel for the Plaintiff
The Wisdom Building
11109 Lake Ridge Drive, FL3
Concord, TN 37934
865-304-4125
russegliatty@tds.net

s/Darren V. Berg
Darren V. Berg
**Law Offices of Darren V. Berg**
Lead Counsel for Plaintiff
P.O. Box 453
Knoxville, TN 37901
865-773-8799
dberglawfirm@gmail.com

*Counsel for Plaintiff*

## **ECF CERTIFICATE OF SERVICE**

I, the under-signed authority, certify that this pleading has been sent to all counsel of

Record through the Court's ECF filing system.

<span style="margin-left:2em">s/Russ Egli</span>
Russ Egli
**The Egli Law Firm**
Co-Counsel for the Plaintiff