IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| **AARON MILES BARE,** | ) | Case No: 3:21-cv-389 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **JUDGE CORKER** |
| v. | ) | |
| | ) | |
| **CARDINAL HEALTH, INC.,** | ) | |
| | ) | |
| DEFENDANT. | ) | |

**DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO DISMISS**

It is undisputed that Plaintiff Aaron Miles Bare does not have standing or a cause of action that he can assert. Both before and after filing this lawsuit he has been employed by Cardinal Health and has suffered no adverse employment action. Defendant Cardinal Health, Inc., respectfully requests that this Court grant its Motion to Dismiss.

Plaintiff, Aaron Miles Bare, filed the First Amended Complaint, the only Complaint currently at issue, on December 3, 2021, ***after*** his request for accommodation was granted. *See* Doc. 9, Nov. 24, 2021 Order: "Plaintiff's counsel has notified the Court that Defendant Cardinal Health, Inc. has assured Plaintiff that he will not be required to take a COVID-19 vaccine." Plaintiff's First Amended Complaint alleges a violation of Title VII and a violation of Emergency Use Authorization (EUA) provisions of 21 U.S.C. § 360bbb-3 *et seq.* Plaintiff did not have standing to assert either claim at the time he filed his first amended complaint.[1] On December 13,

---

[1] Nor, for that matter, did he have standing at the time he filed his original complaint as he had suffered no injury redressable under Title VII or 21 U.S.C. § 360bbb-3 prior to filing this lawsuit.

1

2021, Defendant Cardinal Health, Inc. filed a motion to dismiss Plaintiff's First Amended Complaint.[2] Plaintiff's Response to Defendant's Motion to Dismiss fails to identify his standing, and fails to identify a cognizable basis for the allowance of his claims. The Motion to Dismiss should be granted.

> **A.  Plaintiff Lacks Standing And His Claims Are Not Ripe, Dismissal Is Appropriate.**

Plaintiff Aaron Bare, who has suffered no Title VII injury, has not been forced to receive a vaccine and has received the requested accommodation, has no standing to assert his claims. To establish standing, Plaintiff must establish that he has "suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *See Daly v. McGuffey*, 2021 U.S. App. LEXIS 33901, at *4 (6th Cir. 2021). Plaintiff has not. *See Wade v. University of Connecticut Board of Trustees*, No. 3:21-cv-924, 2021 U.S. Dist. LEXIS 153565, at *21 (D. Conn. Aug. 16, 2021) (plaintiffs who had been granted an exemption from vaccination requirements or who had failed to avail themselves of the process to request and exemption had

---

But regardless, his amended complaint disposed of the original complaint. "[O]nce an amended pleading is interposed, the original pleading no longer performs any function in the case." *B&H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 267 n. 8 (6th Cir. 2008). "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell International Corp. v. U.S.*, 549 U.S. 457, 473-74 (2007).

[2] Plaintiff has since requested to amend his complaint again, but to date that request has not been granted. Because this motion addresses the First Amended Complaint, which did not include Mr. Davis, Defendant will not address the lack of merit of Mr. Davis' claims in this brief. If the Second Amended Complaint is allowed, Defendant will address the lack of merit of Mr. Davis' claims at that time. (Notably, Mr. Davis incredibly claims that he wasn't made aware of the option for accommodation, even though the announcement of the policy which Plaintiffs cite in their Complaint ¶ 26 identifies availability of accommodations). In a filing made on Friday January 6, 2022, Plaintiff claims that Mr. Davis had not been granted an accommodation yet, even though he admits he only requested it that morning.

2

not suffered an injury that the law recognizes as a basis for the right to complain in court, and therefore did not have standing to proceed); *Klaassen v. Trustees for Indiana Univ.*, No. 1:21-cv-238 DRL, 2021 U.S. Dist. LEXIS 133300, at **36-37 (N.D. Ind. July 18, 2021) (A justiciable controversy in the vaccine mandate context only exists if plaintiffs do not qualify for exemptions). *See also Chaplin v. Du Pont Advance Fiber Sys.*, 293 F. Supp. 2d 622, 627 (E.D. Va. November 25, 2003) (speculative injury that could lose jobs does not confer standing under Title VII). Plaintiff does not allege that he has suffered any employment action that would be redressable under Title VII.

Based on the documents Bare attached to his Complaint, he was initially told in September that his accommodation request was being denied because of the travel component of his job. (Doc. 1-4, PageID 42). However, discussions continued, and other job opportunities were discussed as additional accommodation attempts in October 2021. (Doc. 1-4, PageID 43). Bare never lost employment or stopped doing his current role, and so although told it would be denied, he continued working without the need for accommodation during this period. Then, on November 23, he was told that he would be accommodated. (Doc. 10-1). Although he was told that it would need to be recertified (no accommodation is ever "permanent" as conditions change), the only reason suggested for why it may not be continued is if it impacted his ability to perform the essential functions of his job or imposed an undue hardship on the Company. That an accommodation can be modified or taken away if Plaintiff's circumstances change such that he can no longer perform the essential functions of his position, or the accommodation poses an undue hardship does not create a current case or controversy. The law does not require accommodation if the employee cannot perform the essential functions of his position or the accommodation poses

3

an undue hardship. *See Stanley v. ExpressJet Airlines, Inc.*, 808 Fed. Appx. 351, 356 (6th Cir. 2020) (statutory text of Title VII clearly provides for an exception for accommodations that would be an undue hardship for the employer)*; Hall v. United States Postal Service*, 857 F.2d 1073, 1078 (6th Cir. 1988) (an accommodation that eliminates an essential function of the job is not reasonable).

Plaintiff seeks to continue this case on the speculative claim that Defendant may not renew his accommodation after six months or that Defendant could change its mind at any time.[3] Federal courts can only consider cases if there is an actual case or controversy. In addition to lacking standing to assert these claims because Plaintiff has not alleged or suffered a cognizable injury under the statutes asserted, Plaintiff's speculative claim about a potential future denial is not ripe for adjudication. Courts lack subject matter jurisdiction where claims are not ripe and the complaint must be dismissed. *See Morreim v. Univ. of Tenn.*, 2013 U.S. Dist. LEXIS 149436 (W.D. Tenn. Oct. 17, 2013). "The ripeness doctrine serves to avoid premature adjudication of legal questions and to prevent courts from entangling themselves in abstract debates that may turn out differently in different settings." *Id.* at 33 (quoting *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008)). "Ripeness is essentially 'a question of timing' and advises 'against resolving a case that is anchored in future events that may not occur as anticipated, or at all.'" *Id.* "A claim is not 'fit' for judicial review when there is no certainty whether the challenged conduct will occur

---

[3] Plaintiff, like many employees, is employed at will, meaning employers can at any time decide to end employment – that uncertainty does not create a cause of action just because an employee may prefer a guarantee of employment. Similarly, here, plaintiff has received an accommodation. That it is possible that could change in the future does not give him a cause of action now.

4

in the future." *Id.* at 34 (finding claims based on threatened denial of tenure were not ripe, even though defendants had allegedly made it clear that they intend to revoke plaintiff's tenure).

Because Plaintiff did not have standing when he filed the First Amended Complaint, his claims must be dismissed. Even if he did have standing, his claims are not ripe as there has been no injury or adverse action under Title VII or the EUA, and it is clear from his opposition that he is seeking to maintain this action based on the speculative claim that his accommodation may be changed in the future. Any such claim is not ripe for adjudication, and his claims must be dismissed for this additional reason.

**B.  Plaintiff's Voluntary Cessation Mootness Argument Is A Red Herring.**

Plaintiff ignores his lack of standing and lack of existing claims and instead tries to argue that this case can not be dismissed for mootness because he claims Defendant voluntarily ceased unlawful action. This is nothing but a red herring. Although the claims are indeed moot, because Plaintiff lacked standing when he filed the current claims and because the claims are not ripe for adjudication, the Court need never reach the mootness argument. Moreover, this is not a case where unlawful activity occurred and then stopped. No adverse action was taken against Plaintiff and then reversed. Plaintiff never lost employment. His request was granted nearly two weeks before the deadline. There is no current case or controversy involving Mr. Bare, nor has there ever been. He has not suffered an adverse employment action as required to state a Title VII claim, and he has not been forced to receive the vaccine. He has received an accommodation. This case is not like the *Roman Catholic Diocese v. Cuomo* case, where action was taken and then stopped. *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 208 L. Ed. 2d 206 (2020). In *Cuomo*, the state was imposing more restrictive restrictions on churches than businesses. At the

5

time the case was being reviewed by the Supreme Court, the region's covid risk color had changed such that the more restrictive requirements did not apply to the plaintiff, however, the rule, which on its face treated religion differently than other businesses was still in place and would apply again if the region's risk color went up again. The Court found in those circumstances the claim was not moot. Here, there is a neutral policy that applies to everyone regardless of their religious beliefs and Plaintiff has received an exception from this neutral policy because of his asserted religious beliefs. The policy itself is not discriminatory, and Plaintiff was never removed from employment or suffered any adverse action because of his failure to comply with the policy. There is no reason to believe that he will suffer any adverse consequences in the future, or that his accommodation will not continue (unless circumstances change in such a way that there is no lawful basis for the accommodation).

> **C. Regardless Of Whether Plaintiff Has Standing, Or The Claims Are Ripe Or Moot, Plaintiff Has Failed To State Claims Upon Which Relief Can Be Granted.**

In addition, Plaintiff's First Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff has not alleged any facts establishing a Title VII violation. Plaintiff received the requested accommodation and never suffered an adverse employment action. *Bender v. General Dynamics Land Sys.*, 2020 U.S. Dist. LEXIS 134825, at *2 (E.D. Mich. July 20, 2020) ("The motion to dismiss will be granted because Plaintiff has failed to plead that she suffered a legally cognizable adverse employment action, a prerequisite to her discrimination claims"). An initial denial or delay in granting the request where no adverse action occurred in the interim is insufficient to establish a violation of Title VII. *See Gardner v. W. Kentucky Univ.*, 2015 U.S. Dist. LEXIS 119744, *2 (W.D. Ky. Sept. 9, 2015) ("any delay in

providing the requested accommodations is irrelevant because Gardner admits that she ultimately received those accommodations"). There is no obligation to engage in an interactive process with religious accommodation requests. *See Ciraci v. J.M. Smucker Co.*, 2021 U.S. Dist. LEXIS 244263, at *4 (N.D. Ohio Dec. 22, 2021) (citing *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69, 107 S. Ct. 367, 93, L. Ed. 2d 305 (1986)) ("the United States Supreme Court has declined to find that an interactive process is required when evaluating religious accommodation requests"). And even if there were, the failure to engage in the interactive process is not an independent violation. *See Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 525 (6th Cir. 2021) ("In this circuit, failure to engage in the interactive process does not give rise to an independent claim"). Plaintiff has not suffered an adverse action and has not alleged a cognizable Title VII claim.

Similarly, his Emergency Use Authorization claim fails as a matter of law. First, there is no private right of action against private employers under it. Second, Comirnaty has received full approval and is not subject to the EUA. And finally, Plaintiff has not been forced to receive a vaccine. *See McCutcheon v. Enlivant ES, LLC*, No. 5:21-cv-00393, 2021 U.S. Dist. LEXIS 216671, at ** 7-8 (S.D. W.Va. Nov. 9, 2021) ("[21 U.S.C. § 360bbb-3] outlining the rights and responsibilities of the Secretary of Health and Human Services in an emergency; it has no impact upon the rights and responsibilities of private employers"); *Johnson v. Brown*, No. 3:21-cv-1494-SI, 2021 U.S. Dist. LEXIS 200159, at **51-55 (D. Or. Oct. 18, 2021) (EUA protocols under 21 U.S.C. § 360bbb-3 only apply to the Secretary of Health and Human Services and does not prohibit private entities from mandating EUA vaccinations); *Bridges v. Houston Methodist Hosp.*, No. H-21-1774, 2021 U.S. Dist. LEXIS 110382, at *5 (S.D. Tex. June 12, 2021) ("Bridges has misconstrued [21 U.S.C. § 360bbb-3]. It confers certain powers and responsibilities to the

7

Secretary of Health and Human Services in an emergency. It neither expands nor restricts the responsibilities of private employers; in fact, it does not apply at all to private employers like the hospital in this case. It does not confer a private opportunity to sue the government, employer, or worker."); *Pelekai v. Hawaii*, No. 21-cv-00343-DKW-RT, 2021 U.S. Dist. LEXIS 203916, at FN 9 (D. Haw. Oct. 22, 2021) ("In the Complaint, Plaintiffs allege that, under Section 360bbb-3, they must 'consent' to EUA products. That, however, is *not* what the statute provides. Instead, the statute provides that an individual administered an EUA product should be informed 'of the option to accept or refuse the administration of the product.'"); *Valdez v. Grisham*, No. 21-cv-783 MV/JHR, 2021 U.S. Dist. LEXIS 173680, at \*\*13-14 (D. N.M. Sept. 13, 2021) (21 U.S.C. § 360bbb-3(e)(1)(A) only applies to medical providers who are "directly administering the vaccine"); *Klaassen,* 2021 U.S. Dist. LEXIS 133300, at \*\*64-65.

Even if Plaintiff had standing, his First Amended Complaint fails to state a claim upon which relief can be granted and must be dismissed.

### D. Plaintiff Has Not Asserted A Tort Claim For Emotional Distress.

Plaintiff, recognizing that he has not suffered any harm cognizable under Title VII or the EUA, tries to save his claim by claiming that he suffered mental or emotional anguish and may recover under a tort of mental distress. This attempt fails as a matter of law. His First Amended Complaint does not allege an emotional distress tort claim. Moreover, even if it did, claims of religious discrimination do not meet Tennessee's very high standard for outrageousness needed to establish an intentional infliction of emotional distress claim. *Shaw v. Donahoe*, 2014 U.S. Dist. LEXIS 37534, at \*58 (W.D. Tenn. Feb. 18, 2014). *See also Johnson v. Bell South Telecomms., Inc.*, 2012 U.S. Dist. LEXIS 34220, at \*\*22-24 (E.D. Tenn. March 14, 2012) (retaliatory

termination not sufficiently extreme and outrageous to support IIED claim in Tennessee); *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999) ("an employee's termination even if based on discrimination, does not rise to the level of 'extreme and outrageous conduct'").

### E. Plaintiff Is Not A Prevailing Party.

Finally, Plaintiff is not a prevailing party. Even if Defendant's decision was motivated by the litigation, to be a prevailing party, a plaintiff must have done more than bring a lawsuit that achieved the desired result of catalyzing a voluntary change in the defendant's conduct. *Wood v. Willis*, 631 Fed. Appx. 359, 363-64 (6th Cir. 2015). A prevailing party covers only parties in whose favor a judgment is rendered. *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010) (A defendant's voluntary change, even one precipitated by litigation, does not amount to "a court-ordered change in the legal relationship" between the plaintiff and defendant as required to establish prevailing party status). Moreover, Plaintiff's lawsuit was premature. Not only did he not have a claim, but he had not yet exhausted his administrative remedies. *See Scott v. Eastman Chem. Co.*, 275 Fed. Appx. 466, 471 (6th Cir. 2008) ("The policy or purpose of the exhaustion requirement is 'to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation'"). Plaintiff was employed before he brought this lawsuit and remains employed today. He is not a prevailing party.

For each and all of the foregoing reasons, and those in Defendant's original motion, Defendant respectfully requests that this Court grant its motion to dismiss and dismiss the First Amended Complaint and this action in its entirety.

9

Respectfully submitted,

*/s/Craig A. Cowart*
Craig A. Cowart (017316)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, Tennessee 38120
Telephone: (901) 462-2618
Facsimile: (901) 462-2626
E-mail: Craig.Cowart@jacksonlewis.com

Patricia Pryor (*admitted pro hac*)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 322-5035
Email: pryorp@jacksonlewis.com

*Counsel for Defendant*

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2022, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

*/s/Craig A. Cowart*
Craig A. Cowart

4885-6573-8249, v. 4