## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN SECTION OF TENNESSEE

AARON MILES BARE, et al.,

      Plaintiff,

v.                                 Civil Action No.: 3:21-cv-389

CARDINAL HEALTH, INC.,

      Defendant.

## PLAINTIFF'S RULE 59 MOTION TO ALTER OR AMEND THE FINAL JUDGMENT

      Comes now the Plaintiff, Dr. Aaron Miles Bare, on behalf of himself and all others similarly situated, by and through under-signed counsel, and would respectfully submit this Fed R. Civ. P. 59 Motion to Alter or Amend the Final Judgment [Doc. # 38-39]. For cause shown, and along with the memorandum of law, which will be filed hereinafter, would show to this Honorable Court the following:

      1.      This matter was filed as a result of the Defendant refusing to provide Dr. Bare a religious exemption from having to take the Covid-19 vaccination or lose his employment. [Doc. # 10, Exhibit #1, Doc. J].

      2.      This lawsuit was filed and after the lawsuit had been filed and sent for service upon the Defendant, all of the sudden, the Defendant did an about face and retracted its previous denial of Dr. Bare's religious exemption request and granted same but on certain conditions. [See Doc. # 10].

      3.      The conditions of the Defendant's approval of Dr. Bare's religious exemption request from the Defendant was that it would only last 6 months, that after 6 months Dr. Bare would have to reapply for a religious exemption as if his divinity in God had changed. Moreover, further conditions were placed on Dr. Bare that the religious exemption could be taken away at any time. [Doc # 10, Exhibit #1, Doc. J].

1

3.      Defendant, without complying with the local rules of this Honorable Court to meet and confer filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12. See [Doc. # 6], also see [Doc. # 21]. This action by the Defendant abrogated the Plaintiff's right to amend freely under this Court's Local Rules.

4.      Notwithstanding the conditions placed on Dr. Bare, the Defendant argued to this Honorable Court in its Motion to Dismiss that since the religious exemption was granted for Dr. Bare after the Defendant had been sued it rendered this case moot. During that same time, Plaintiff's counsel sought to certify a class for all Cardinal Health employees that had their religious exemptions denied with no process in place for review (due process) to appeal the decision of the Defendant in denying religious exemptions. [Doc. # 10, Exhibit #1, Doc. J].

5.      Plaintiff also sought leave of this Honorable Court to amend its complaint to add yet another Cardinal Health employee, Chris Davis, who had also been told take the Covid-19 vaccination or lose your job. For full transparency, under-signed counsel has been recently advised that he has been granted a religious exemption, again after the Defendant had received notice of the Plaintiff's Motion to Amend to add Mr. Davis as a prospective class plaintiff. See [Doc. # 23, and attachments Exhibit # 1-2]. This exemption also fails the capable of evading review of this Court.

6.      A motion filed under Fed. R. Civ. P. 12 must be construed in the light most favorable to the non-moving party. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 *(6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)).*

7.      In this case, Plaintiff's First Amendment Complaint set forth averments that:

         a.      The religious exemption was not granted for Dr. Bare until after the Defendants knew it had been sued;

b.     That the religious exemption that was granted by the Defendant after it knew it had been sued was capable of being taken away while at the same time evading review by this Honorable Court. [Doc. # 29-36].

8.     In granting the Defendant's Motion to Dismiss based on mootness this Honorable Court relied on facts that were not in the First Amended Complaint. [Doc. # 38-39]. In fact, the Final Judgment sets forth facts that are not in the Plaintiff's First Amended Complaint.

9.     Specifically, this Honorable Court erroneously relied on facts that were not in the the Plaintiff's First Amended Complaint, i.e., that the Plaintiff obtained a religious exemption prior to the lawsuit being filed. Id.

10.     This Honorable Court further erred in dismissing this lawsuit as it did not address Plaintiff's alternative argument that he was the prevailing party due to the fact that the Defendant substantially changed its position on denying religious exemptions after it had been sued by Dr. Bare. The Defendant's change of position is clearly indicative of a reaction to the lawsuit filed in this case. Consequently, the Plaintiff is a prevailing party in this matter and is entitled to a hearing on his attorney's fees and expenses. Id.

11.     This Honorable Court's Final Judgment dismissing this case as moot does not even touch upon the request by the Plaintiff for an award of attorney's fees as a result of the Defendant's material change in its position with regard to the religious exemption request by Dr. Bare. Id.

12.     The Court erred on denying the Plaintiff's Motion to Amend because: (1) the Defendant violated the meet and confer local rule and filed its Motion to Dismiss prematurely and (2) leave to amend under Fed. R. Civ. P. 15 should be freely given. See [Doc. # 6, 23, 38 and 39], also see, *See, Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir.2000), *cert.*

*denied,* 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir.1986).

WHEREFORE, FOR THE FOREGOING REASONS SET FORTH ABOVE, PLAINTIFF PRAYS THAT THIS HONORABLE COURT ALTER AND/OR AMEND ITS FINAL JUDGMENT IN THIS MATTER TO APPROPRIATELY REFLECT ON THE RECORD THE AVERMENTS IN THE COMPLAINT AND SUBSEQUENT FIRST AMENDED COMPLAINT, TO ADDRESS THE PLAINTIFF'S REQUEST FOR PREVAILING PARTY AND AN AWARD OF ATTORNEY'S FEES, FOR A CLARIFICATION OF WHY THE MOTION TO AMEND WAS DENIED REGARDING MR. CHRSITOPHER DAVIS AS HE IS IN THE SAME SITUATION AS DR. BARE AND FOR GENERAL RELIEF THIS HONORABLE COURT DEEMS APPROPRIATE. PLAINTIFF WILL SUBSEQUENTLY FILE A MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION.

Respectfully submitted,

s/Russ Egli
Russ Egli
Co-Counsel for the Plaintiffs
The Egi Law Firm
11109 Lake Ridge Drive, FL3
Concord, TN 37934
(865) 304-4125
F: (855) 827-0624
theeglilawfirm@gmail.com

s/Darren V. Berg
Darren V. Berg
Lead Counsel for Plaintiffs
The Law Offices of Darren V. Berg
P.O. Box 453
Knoxville, TN 37901
865-773-8799
dberglawfirm@gmail.com

• • •
4

## <u>ECF CERTIFICATE OF SERVICE</u>

I, the under-signed authority, certify that a true and accurate copy of this Rule 59 Motion

has been sent to all counsel of record by way of the Court's ECF system.

s/Russ Egli _____
Russ Egli
Co-Counsel for the Plaintiffs
