# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| AARON MILES BARE, | ) Case No: 3:21-cv-389 |
| PLAINTIFF, | ) |
| | ) JUDGE CORKER |
| v. | ) |
| | ) DEFENDANT'S RESPONSE IN |
| CARDINAL HEALTH, INC., | ) OPPOSITION TO PLAINTIFF'S |
| | ) RULE 59 MOTION TO ALTER OR |
| DEFENDANT. | ) AMEND THE FINAL JUDGMENT |

## I.     INTRODUCTION

Defendant Cardinal Health Inc. respectfully requests that this Court deny Plaintiff's Rule 59 Motion to Alter or Amend the Final Judgment.  Plaintiff's arguments have previously been briefed and decided by the Court.  He is not entitled to a second (or third) bite at the proverbial apple.

On November 17, 2021, Plaintiff filed the initial complaint in this action.  [Doc. 1]  Plaintiff then filed a First Amended Complaint on December 3, 2021.  [Doc. 10]  On December 13, 2021, Defendant filed a Motion to Dismiss.  [Doc. 13]  With the benefit of the knowledge of the arguments in the Motion to Dismiss, Plaintiff filed a Motion to Amend the Complaint for a second time on December 22, 2021.  [Doc. 23]

On March 8, 2022, this Court granted Defendant Cardinal Health's Motion to Dismiss for Failure to State a Claim and denied Plaintiff's Motion to Amend.  [Doc. 38, 39]  This Court correctly concluded that neither Plaintiff Aaron Bare nor purported Plaintiff Christopher Davis had standing to pursue this action.  Plaintiff has not identified any clear error with that decision.

1

Plaintiff cannot carry his heavy burden under Rule 59. His Motion to Alter or Amend the Judgment must be denied.[1]

**II.     ARGUMENT**

Generally, "relief under Rule 59(e) is an 'extraordinary remedy' restricted to those circumstances in which the moving party has set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed." *Hale v. Tennessee*, No. 3:14-cv-02194, 2021 U.S. Dist. LEXIS 236796 (M.D. Tenn. Dec. 10, 2021). "When deciding whether to grant a Rule 59(e) motion, a district court must consider the 'interest of protecting the finality of judgments and the expeditious termination of litigation.'" *Bunn v. Navistar, Inc.*, 797 Fed. Appx. 247, 256 (6th Cir. 2020). "A motion under Rule 59(e) does not simply provide an opportunity to reargue a case." *Whitehead v. Bowen,* 301 Fed. Appx. 484, 489 (6th Cir. 2008). Further, a party may not utilize Rule 59(e) to raise arguments which could and should have been made before judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, *LLC*, 477 F.3d 383, 395 (6th Cir. 2007). *See also Hale*, 2021 U.S. Dist. LEXIS 236796, at *5 (the motion "should not be used to relitigate previously considered issues, to submit evidence which could have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."); *Dumphord v. Gabriel*, No. 5:20-461-DCR, 2021 U.S. Dist. LEXIS 207242 (E.D. Ky. Oct. 27, 2021) (denying Rule 59 motion where plaintiff simply reiterated the same argument presented in response to the motion to dismiss). The moving party bears the burden of establishing (1) that the district court made a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to

---

[1] Plaintiff asserts that a memorandum of law "will be filed hereinafter" (Doc. 40, PageID 358), but no memorandum of law was filed.

prevent manifest injustice. *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018). Plaintiff has not established (or even asserted) any of these. "The Sixth Circuit has made clear that the standard for manifest injustice is 'an exacting standard' and that a successful Rule 59(e) motion must 'clearly establish a manifest error of law.'" *Hale*, 2021 U.S. Dist. LEXIS 236796, at *6. "Mere disagreement with a court's findings does not rise to the level of manifest injustice under Rule 59(e)." *Id.* "The 'manifest injustice' ground for a Rule 59(e) motion is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Id.*

Plaintiff claims that the Court (1) "erroneously relied on facts that were not in the Plaintiff's First Amended Complaint, i.e., that the Plaintiff obtained a religious exemption prior to the lawsuit being filed"; (2) "further erred in dismissing this lawsuit as it did not address Plaintiff's alternative argument that he was the prevailing party"; and (3) erred in denying the Plaintiff's Motion to Amend because Defendant filed the motion to dismiss prematurely and leave to amend should be freely given. In addition to being factually false, none of these support a Rule 59 motion. Plaintiff does not identify (or argue) a clear error of law, newly discovered evidence, an intervening change in controlling law or a need to prevent manifest justice. Plaintiff's motion must be denied.

### A. This Court Relied on the Factual Assertions Set Forth By Plaintiff in Rendering Its Judgment

Plaintiff's Motion mistakenly states that this Court relied on facts that were not in the First Amended Complaint. Plaintiff only identifies one fact allegedly wrongfully relied upon: "that the Plaintiff obtained a religious exemption *prior* to the lawsuit being filed." [Doc. 40, pg. 3] (emphasis added). This Court's Memorandum Opinion and Order, however, clearly states that "*[a]fter* being served with Bare's original complaint, Cardinal Health approved his request for a religious accommodation." [Doc. 39, pg. 3] (emphasis added). The Court did not erroneously rely on a fact not in Plaintiff's First Amended Complaint. It relied on the facts that Plaintiff asserted

3

and correctly concluded that Plaintiff had not been injured and thus did not have standing to sue. Plaintiff did not assert any adverse action in his First Amended Complaint. And, as the Court correctly noted, Plaintiff's First Amended Complaint admits that Defendant granted Plaintiff's exemption request. [Doc. 10, page 4] Plaintiff's Motion is factually incorrect and legally without merit and should be denied.

### B. This Court Declined To Award Plaintiff Attorney's Fees; Plaintiff Asserts No Legitimate Basis To Reargue this Issue.

Contrary to Plaintiff's assertion, this Court did not err in failing to address Plaintiff's attorney's fees argument in its Memorandum Opinion and Order. The Court did address it in footnote 3 of its opinion and determined that Plaintiff was not a prevailing party. Moreover, the Court is "not required to explicitly discuss every argument raised by a litigant, particularly when the argument is clearly without merit." *Berryman v. Stein*, No. 5:20-037-DCR, 2020 U.S. Dist. LEXIS 97710, at *6 (E.D. Ky. June 3, 2020) (citing *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)). *See also Eads v. Tenn.*, No. 1:18-cv-00042, 2022 U.S. Dist. LEXIS 33414, at *20 (M.D. Tenn. Feb. 25, 2022) ("[T]he Court is under no obligation to specifically address every argument presented by the parties").

This Court did not fail to address this issue, and there was no error in its decision that Plaintiff was not a prevailing party. A prevailing party includes only parties in whose favor a judgment is rendered. *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010) (A defendant's voluntary change, even one precipitated by litigation, does not amount to "a court-ordered change in the legal relationship" between the plaintiff and defendant, as required to establish prevailing party status). Plaintiff cannot use a Rule 59 motion to argue "the same arguments previously presented." *Hurst v. The Lilly Co.*, No. 3:15-CV-455, 2017 U.S. Dist. LEXIS 184906, at *7 (E.D. Tenn. Nov. 8, 2017). *See also Weatherspoon v. Oldham*, No. 17-cv-2535, 2018 U.S. Dist. LEXIS

65983, at *4 (W.D. Tenn. Apr. 19, 2018) ("A Rule 59 motion cannot be used to reargue a case on the merits or to reargue issues already presented"). Plaintiff's Motion should be denied.

    **C.**    **This Court Properly Denied Plaintiff's Motion to Amend.**

        **1.**    **This Court Assessed Plaintiff's Motion to Amend Under the "Freely Given" Standard, And Properly Denied It.**

Finally, Plaintiff claims his Motion should be granted because leave to amend should be freely given. The Court did not disagree, but correctly determined that leave to amend should be denied because Plaintiff's proposed Second Amended Complaint would not withstand a motion to dismiss. Plaintiff has not identified a clear error of law or any other basis for reconsideration. As the Court correctly determined, and Plaintiff does not dispute, Davis did not submit evidence of the EEOC issuing a notice of right to sue, and Plaintiff did not allege that Davis applied for a religious accommodation or was denied one. Plaintiff has not identified any legitimate basis to reconsider this decision.

        **2.**    **Defendant's Delayed Effort to Meet and Confer Does Not Warrant Alteration or Amendment.**

Plaintiff argues that Defendant failed to meet and confer before filing its motion to dismiss. The Court denied Plaintiff's motion for sanctions and to strike the motion to dismiss on December 16, 2021, because Defendant's motion to dismiss addressed jurisdictional issues such as standing and failure to exhaust administrative remedies, which would not be easily remedied through an amended complaint. [Doc. 21]

This Court made no error in denying Plaintiff's motion to strike Defendant's Motion to Dismiss. This Court has broad discretion when it comes to its local rules. *SmartBank v. Cartron*, No. 4:19-cv-00062, 2020 U.S. Dist. LEXIS 67367, at *10 (E.D. Tenn. Apr. 16, 2020). Moreover, when as here the Motion to Dismiss would have been filed even if the parties had met and conferred first, this Court routinely grants motions to dismiss despite the parties' failure to meet and confer

5

before the motion is filed. *See id.* at \*\*10-11 (granting motion to dismiss when parties would not have resolved issues by meeting and conferring, and the defendants' failure to meet and confer was unintentional and not in bad faith). *See also Priester v. Bent Creek Golf Club, LLC*, No. 3:17-CV-284, 2018 U.S. Dist. LEXIS 84788, at n.2 (E.D. Tenn. May 21, 2018) (refusing to deny motion to dismiss although defendants failed to meet and confer before filing the motion, when defendants would have filed the motion even if they had met with the plaintiff).

Further, the asserted failure to meet before the motion to dismiss in this case[2] did not impact the outcome. The Court's Order Governing Motions to Dismiss seeks to avoid unnecessary motions to dismiss when the parties themselves are able to determine that a defect may be cured by an amended pleading. [Doc. 6]. Any failure to meet and confer between the filing of the First Amended Complaint and the Motion to Dismiss did not contravene this policy as the parties were unable to agree on a permissible amendment when they did confer shortly after the Motion to Dismiss was filed. Moreover, Defendant's Motion to Dismiss was based on preliminary jurisdictional issues that could not be cured by amendment. Indeed, Plaintiff did file a proposed amended complaint, which was considered by the Court, but found to be futile as it would not withstand a motion to dismiss by Defendant. [Doc. 39, p. 14]

Plaintiff has not established any basis to alter or amend the judgment. His motion should be denied.

---

[2] Notably, Defendant's counsel did confer with opposing counsel when the case was first filed and asked Plaintiff's counsel to dismiss the action because the case was moot and Plaintiff did not have standing. Plaintiff's counsel filed the First Amended Complaint which did not cure the issue asserted. Although Defendant's counsel inadvertently did not confer again between the filing of the First Amended Complaint and the Motion to Dismiss, Defendant's counsel again conferred with Plaintiff's counsel right after filing the Motion to Dismiss to no avail. [Doc. 16]

### III. CONCLUSION

For each and all of the foregoing reasons, Defendant respectfully requests that Plaintiff's Rule 59 Motion to Alter or Amend the Final Judgment be denied.

Respectfully submitted,

*/s/Patricia Pryor*
Patricia Pryor
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 322-5035
Email: pryorp@jacksonlewis.com

Craig A. Cowart (017316)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, Tennessee 38120
Telephone: (901) 462-2618
Facsimile: (901) 462-2626
E-mail: Craig.Cowart@jacksonlewis.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

*/s/Patricia Pryor*
Patricia Pryor

4893-4149-3275, v. 2