IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| AARON MILES BARE, | ) Case No: 3:21-cv-389 |
| PLAINTIFF, | ) |
| | ) |
| | ) JUDGE CORKER |
| v. | ) |
| | ) DEFENDANT'S SURREPLY |
| CARDINAL HEALTH, INC., | ) MEMORANDUM IN RESPONSE TO |
| | ) THE [REPLY] MEMORANDUM |
| DEFENDANT. | ) FILED BY PLAINTIFF ON APRIL 27, |
| | ) 2022 |

## I. INTRODUCTION

Defendant Cardinal Health, Inc. respectfully requests that this Court deny Plaintiff's Rule 59 Motion to Alter or Amend Judgment. Plaintiff, recognizing that the arguments made in his Motion did not provide a basis for the Court to alter or amend judgment, has asserted wholly new arguments in his Memorandum filed on April 27, 2022. Indeed, many of the arguments in the latest memorandum were not made in any of the earlier filings in this case. Despite two attempts, Plaintiff has not established (1) that the court made a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice. *See Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018).

## II. ARGUMENT

Neither Plaintiff's original Motion, nor his latest memorandum provides any basis for the Court to alter or amend its judgment. Plaintiff has not "set forth facts or law of a strongly convincing nature that indicate that the court's prior ruling should be reversed." *Hale v. Tennessee*, No. 3:14-cv-02194, 2021 U.S. Dist. LEXIS 236796, at **5-6 (M.D. Tenn. Dec. 10, 2021). "A motion under Rule 59(e) does not simply provide an opportunity to reargue a case." *Whitehead v. Bowen*, 301 Fed. Appx. 484, 489 (6th Cir. 2008). Further, a party may not utilize Rule 59(e) to

raise arguments which could and should have been made before judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

In Plaintiff's Rule 59 Motion, Plaintiff claimed that the Court (1) "erroneously relied on facts that were not in the Plaintiff's First Amended Complaint, i.e., that the Plaintiff obtained a religious exemption prior to the lawsuit being filed"; (2) "further erred in dismissing this lawsuit as it did not address Plaintiff's alternative argument that he was the prevailing party"; and (3) erred in denying the Plaintiff's Motion to Amend because Defendant filed the motion to dismiss prematurely and leave to amend should be freely given. Defendant addressed each of these in its Response in Opposition to Plaintiff's Rule 59 Motion to Alter or Amend the Final Judgment. Now, in Plaintiff's latest memorandum, Plaintiff appears to largely abandon these arguments, does not respond to or rebut the arguments in Defendant's Response and instead claims that the Court erred (1) by failing "to apply Fed R. Civ. P 12 in the light most favorable to the averments of the First Amended Verified Class Action Complaint" because the "lawsuit was brought for a denial of Plaintiff's religious exemption but also brought both a mental and emotional damages claim"; (2) "in finding the claims in this matter are not capable of repetition and evading review"; (3) "in denying Plaintiff's Motion to Amend"; (4) "in not finding that Defendant's voluntary cessation of its unlawful conduct was not an exception to the mootness doctrine and that Plaintiff had the standing to bring this lawsuit when he initiated it"; and (5) "failed to address the claim for violation of Title VII for failure to have proper procedures in place to provide a proper review which comports with due process of its decision to deny religious accommodation raised by the Plaintiff in the First Amended Verified Class Action Complaint." [Doc. 22, PageID 377-378] Although Plaintiff lays these out as though they are five separate arguments, his 24 page memorandum

largely rehashes the same argument he made before,[1] claiming that the case cannot be dismissed and the amendment should have been allowed because the alleged violation is capable of repetition and evading judicial review. A Rule 59 Motion is not a vehicle to reargue the same arguments already considered and rejected by the District Court. *Whitehead*, 301 Fed. Appx. at 489. Plaintiff has not identified any clear error with the Court's decision. Like the previous arguments asserted by Plaintiff, none of the latest arguments support a Rule 59 motion. Plaintiff's motion must be denied.

### A. There Was No Error In the Dismissal Of Plaintiff's Claims.

This Court properly concluded that Plaintiff Aaron Bare did not have standing. This lack of standing negates Plaintiff's attempt to claim a capable of repetition yet evading review argument, as that exception only applies to a mootness argument. *See Friends of the Earth, Inc. v. Laidlaw Environmental Serv. (TOC), Inc.*, 528 U.S. 167, 191, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000); *Coffey v. Hamblen Cty.*, No. 2:15-C-256, 2016 U.S. Dist. LEXIS 194239, at *14 (E.D. Tenn. Sept. 21, 2016). Plaintiff's First Amended Complaint does not allege any Title VII or EUA[2] injury – he has not suffered an adverse employment action, he has not been forced to receive a vaccine and he has received the requested accommodation. *See Wade v. University of Connecticut Board of Trustees*, 554 F. Supp. 3d 366, 378 (D. Conn. 2021) (plaintiffs who had been granted an

---

[1] Indeed, in some places, his Memorandum is a word for word copy of his earlier arguments. *See e.g* Doc. 33, PageID 308-311 as compared to Doc. 44, PageID 387-390.

[2] In addition, there is no private right of action under the Emergency Use Authorization against private employers. *See McCutcheon v. Enlivant ES, LLC*, No. 5:21-cv-00393, 2021 U.S. Dist. LEXIS 216671, at ** 7-8 (S.D. W.Va. Nov. 9, 2021) ("[21 U.S.C. § 360bbb-3] outlines the rights and responsibilities of the Secretary of Health and Human Services in an emergency; it has no impact upon the rights and responsibilities of private employers"); *Johnson v. Brown*, No. 3:21-cv-1494-SI, 2021 U.S. Dist. LEXIS 200159, at **51-55 (D. Or. Oct. 18, 2021) (EUA protocols under 21 U.S.C. § 360bbb-3 only apply to the Secretary of Health and Human Services and does not prohibit private entities from mandating EUA vaccinations); *Bridges v. Houston Methodist Hosp.*, No. H-21-1774, 2021 U.S. Dist. LEXIS 110382, at *5 (S.D. Tex. June 12, 2021).

exemption from vaccination requirements or who had failed to avail themselves of the process to request an exemption had not suffered an injury that the law recognizes as a basis for the right to complain in court, and therefore did not have standing to proceed). *See also Chaplin v. Du Pont Advance Fiber Sys.*, 293 F. Supp. 2d 622, 627 (E.D. Va. November 25, 2003) (speculative injury that could lose jobs does not confer standing under Title VII).

Although Plaintiff was told that the accommodation would need to be recertified (no accommodation is ever "permanent" as conditions change), the only reason suggested for why it may not be continued is if it impacted his ability to perform the essential functions of his job or imposed an undue hardship on the Company. That an accommodation can be modified or taken away if Plaintiff's circumstances change such that he can no longer perform the essential functions of his position, or the accommodation poses an undue hardship does not create a current case or controversy. The law does not require accommodation if the employee cannot perform the essential functions of his position or the accommodation poses an undue hardship. *See Stanley v. ExpressJet Airlines, Inc.*, 808 Fed. Appx. 351, 356 (6th Cir. 2020) (statutory text of Title VII clearly provides for an exception for accommodations that would be an undue hardship for the employer)*; Hall v. United States Postal Service*, 857 F.2d 1073, 1078 (6th Cir. 1988) (an accommodation that eliminates an essential function of the job is not reasonable). Moreover, Plaintiff's speculative concern that his employment could be terminated any day (which is no different than any at-will employee) does not provide standing. "A claim is not 'fit' for judicial review when there is no certainty whether the challenged conduct will occur in the future." *Morreim v. Univ. of Tenn.*, No. 12-2891-STA-dkv, 2013 U.S. Dist. LEXIS 149436, at *34 (W.D. Tenn. Oct. 17, 2013)(finding claims based on threatened denial of tenure were not ripe, even though defendants had allegedly made it clear that they intend to revoke plaintiff's tenure).

Because Plaintiff did not have standing, the Court properly dismissed this action. The Court also properly determined that Plaintiff cannot save his claim by claiming that he suffered mental or emotional anguish as his First Amended Complaint does not allege an emotional distress tort claim. Moreover, even if it did, claims of religious discrimination do not meet Tennessee's very high standard for outrageousness needed to establish an intentional infliction of emotional distress claim. *Shaw v. Donahoe*, No. 11-2959-STA-tmp, 2014 U.S. Dist. LEXIS 37534, at *58 (W.D. Tenn. Feb. 18, 2014). *See also Johnson v. BellSouth Telecomms., Inc.*, No. 3:09-CV-323, 2012 U.S. Dist. LEXIS 34220, at **22-24 (E.D. Tenn. March 14, 2012) (retaliatory termination not sufficiently extreme and outrageous to support IIED claim in Tennessee); *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999) ("an employee's termination, even if based on discrimination, does not rise to the level of 'extreme and outrageous conduct'").

Although in his earlier briefs, Plaintiff argued he had asserted a claim for mental and emotional anguish as a tort (see Doc. 31, PageId 292), which this Court properly found he had not, he now claims that the emotional distress is a harm under Title VII. A party cannot utilize Rule 59(e) to raise arguments which could and should have been made before judgment was issued. *Roger Miller Music, Inc*, 477 F.3d at 395. Moreover, emotional damages can only be recovered under Title VII, if they are tied to an action cognizable under Title VII. Plaintiff received the requested accommodation and never suffered an adverse employment action. *Bender v. General Dynamics Land Sys.*, No. 2:19-cv-13177, 2020 U.S. Dist. LEXIS 134825, at *2 (E.D. Mich. July 20, 2020) ("The motion to dismiss will be granted because Plaintiff has failed to adequately plead that she suffered a legally cognizable adverse employment action, a prerequisite to her discrimination claims"). An initial denial or delay in granting the request where no adverse action occurred in the interim is insufficient to establish a violation of Title VII. *See Gardner v. W.*

*Kentucky Univ.*, No. 1:11-cv-79-DJH-LLK, 2015 U.S. Dist. LEXIS 119744, *7 (W.D. Ky. Sept. 9, 2015) ("any delay in providing the requested accommodations is irrelevant because Gardner admits that she ultimately received those accommodations").

Plaintiff has not established a clear error of law with respect to this Court's conclusion that he lacked standing.

### B. The Court Properly Concluded That Plaintiff's Claims Were Not Capable of Repetition And Evading Review.

Plaintiff's 24-page memorandum focuses largely on his claim that his claim is capable of repetition and evading review. This argument has also been reviewed and properly rejected by the Court. Plaintiff offers no clear error of law or other reason to reconsider that decision. Because he has no standing, his argument that the harm is capable of repetition and evading review is inapplicable. In addition, it fails as a matter of law because there is no reason to believe that any alleged violation of Title VII would evade judicial review. Plaintiff claims that the alleged harm at issue is termination – that is hardly a transitory or "too short in duration" harm that would evade judicial review.

For a Title VII violation there must be an adverse employment action. Were one to occur, there is no reason to believe such would evade judicial review. Moreover, this is not a case where unlawful activity occurred and then stopped. No adverse action was taken against Plaintiff and then reversed. Plaintiff never lost employment. His request for accommodation was granted nearly two weeks before the deadline. He has not suffered an adverse employment action as required to state a Title VII claim, and he has not been forced to receive the vaccine. There is no transitory injury (nor is there any certainty that others are suffering any injury), and no "picking

off"[3] has occurred (nor was any motion for class certification filed). Here, there is a neutral policy that applied to everyone regardless of their religious beliefs and Plaintiff has received an exception from this neutral policy because of his asserted religious beliefs. Plaintiff was never removed from employment or suffered any adverse action because of his failure to comply with the policy. There is no reason to believe that he will suffer any adverse consequences in the future, or that his accommodation will not continue (unless circumstances change in such a way that there is no lawful basis for the accommodation). As this Court correctly found: "The mere physical or theoretical possibility that an action is repeatable is insufficient to substantiate the exception because that would render 'virtually any matter of short duration . . . reviewable.' *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)." (Doc. 38, PageID 352)

Plaintiff has not identified a clear error or other basis to alter or amend the judgment.

### C. The Court Properly Denied Plaintiff's Motion to Amend.

This Court properly determined that Plaintiff's Motion to Amend the Complaint a second time was futile. Plaintiff has not identified any clear error in this decision, and instead regurgitates his claim that although both he and Mr. Davis have received accommodations, it is "an accommodation without an accommodation" because it could hypothetically be changed in the future. Plaintiff has identified no error in the Court's decision.

### D. There is No Claim For Failure to Have "Proper Procedures" in Place And No Requirement That A Private Employer Comport with "Due Process".

---

[3] Notably, the entire purpose of the requirement that a plaintiff first exhaust his administrative remedies with the EEOC (something which Plaintiff did not do, and his claim could have been dismissed for this additional reason) is "to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Scott v. Eastman Chem. Co.*, 275 Fed. Appx. 466, 471 (6th Cir. 2008). In other words, Title VII is designed to allow parties to resolve issues before litigation.

Finally, Plaintiff argues that Defendant failed to engage in the interactive process. Because Plaintiff has received an accommodation and has not suffered an adverse employment action, he has no claim and no standing under Title VII. There is no obligation to engage in an interactive process with religious accommodation requests. *See Ciraci v. J.M. Smucker Co.,* No. 5:21CV2347, 2021 U.S. Dist. LEXIS 244263, at \*4 (N.D. Ohio Dec. 22, 2021) (citing *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 69, 107 S. Ct. 367, 93, L. Ed. 2d 305 (1986)) ("the United States Supreme Court has declined to find that an interactive process is required when evaluating religious accommodation requests"). And even if there were, the failure to engage in the interactive process is not an independent violation. *See Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 525 (6th Cir. 2021) ("In this circuit, failure to engage in the interactive process does not give rise to an independent claim"). There is also no claim for failing to have "proper procedures" in place or for a private employer to comport with "due process."

Plaintiff has not identified any clear error in the Court's decision. His Rule 59 Motion should be denied.

### III. CONCLUSION

For each and every of the foregoing reasons, Defendant Cardinal Health respectfully requests that Plaintiff's Rule 59 Motion to Alter or Amend the Final Judgment be denied.

Respectfully submitted,

*/s/Patricia Pryor*
Patricia Pryor
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 322-5035
Email: pryorp@jacksonlewis.com

Craig A. Cowart (017316)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, Tennessee 38120
Telephone: (901) 462-2618
Facsimile: (901) 462-2626
E-mail: Craig.Cowart@jacksonlewis.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on May 11, 2022, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

                                            */s/Patricia Pryor*
                                            Patricia Pryor

4873-7636-1247, v. 2