IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| AARON MILES BARE, | ) Case No: 3:21-cv-389 |
| PLAINTIFF, | ) |
| | ) JUDGE CORKER |
| v. | ) |
| | ) DEFENDANT'S MEMORANDUM IN |
| CARDINAL HEALTH, INC., | ) SUPPORT OF ITS MOTION FOR |
| | ) LEAVE TO FILE A SURREPLY |
| DEFENDANT. | ) MEMORANDUM IN RESPONSE TO |
| | ) THE [REPLY] MEMORANDUM |
| | ) FILED BY PLAINTIFF ON APRIL 27, |
| | ) 2022 |

## I. INTRODUCTION

Defendant Cardinal Health Inc. respectfully requests that this Court grant its Motion for Leave to File a Surreply. On March 8, 2022, this Court granted Defendant's Motion to Dismiss and entered judgment in favor of Defendant. On April 5, 2022, Plaintiff filed a Rule 59 Motion to Alter or Amend the Final Judgment. [Doc. 40] On April 18, 2022, Defendant filed an Opposition to Plaintiff's Rule 59 Motion to Alter or Amend the Final Judgment. [Doc. 41] Under the rules, Plaintiff's reply memorandum (if any) was due April 25, 2022. On Sunday April 24, 2022, Plaintiff filed a Motion for Extension of Time to File Memorandum of Law in support of Plaintiff's Rule 59 Motion to Alter or Amend. [Doc. 42] On Monday, April 25, 2022, the Court granted Plaintiff's Motion without allowing Defendant the opportunity to respond. [Doc. 43] On April 27, Plaintiff filed a Memorandum of Law and Statement of Facts in Support of Plaintiff's Rule 59 Motion to Alter or Amend Judgment. [Doc. 44] Because this latest memorandum raises arguments not originally included in Plaintiff's original Motion and which Defendant did not have an opportunity to respond to in its Opposition to Plaintiff's Motion, Defendant respectfully requests leave to file the attached Surreply.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 59, a Motion to Alter or Amend Judgment "must be filed no later than 28 days after the entry of the judgment." Under Local Rule 7.1 "the opening brief and any accompanying affidavits or other supporting material shall be served and filed with the motion." The rules do not require a reply brief, but if the moving party chooses to file one after the non-moving party's brief, the "reply brief shall not be used to reargue the points and authorities included in the opening brief, but shall directly reply to the points and authorities contained in the answering brief." Local Rule 7.1(c). In addition, reply briefs cannot be used to raise arguments not raised in the original motion. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief - they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."); *Malin v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. Tenn. 2012)("It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'").

On April 5, 2022, Plaintiff filed a 5-page motion to alter or amend judgment in which he claimed that the Court (1) "erroneously relied on facts that were not in the Plaintiff's First Amended Complaint, i.e., that the Plaintiff obtained a religious exemption prior to the lawsuit being filed"; (2) "further erred in dismissing this lawsuit as it did not address Plaintiff's alternative argument that he was the prevailing party"; and (3) erred in denying the Plaintiff's Motion to Amend because Defendant filed the motion to dismiss prematurely and leave to amend should be freely given. On April 18, 2022, Defendant filed an Opposition to Plaintiff's Rule 59 Motion to Alter or Amend the Final Judgment. [Doc. 41] Under the rules, Plaintiff's reply memorandum (if any) was due April 25, 2022. On Sunday April 24, 2022, Plaintiff filed a Motion for Extension of

2

Case 3:21-cv-00389-DCLC-DCP  Document 46  Filed 05/11/22  Page 2 of 5  PageID #: 410

Time to File Memorandum of Law in support of Plaintiff's Rule 59 Motion to Alter or Amend. [Doc. 42] On Monday, April 25, 2022, the Court granted Plaintiff's Motion without allowing Defendant the opportunity to respond. [Doc. 43] On April 27, Plaintiff filed a Memorandum of Law and Statement of Facts in Support of Plaintiff's Rule 59 Motion to Alter or Amend Judgment. [Doc. 44] Although Plaintiff did not use the term "reply" memorandum, in light of the fact that the rules require that any original memorandum be filed with the motion, Plaintiff did not request an extension prior to the filing of the original Motion, prior to Defendant filing its Opposition or until 19 days after any original memorandum was due, and the request for an extension was filed the day before Plaintiff's reply brief was due, Defendant assumes that Plaintiff's memorandum [Doc. 44] is a reply brief.

In Plaintiff's latest memorandum, Plaintiff claims that the Court erred (1) "in finding the claims in this matter are not capable of repetition and evading review"; (2) "in not finding that Defendant's voluntary cessation of its unlawful conduct was not an exception to the mootness doctrine and that Plaintiff had the standing to bring this lawsuit when he initiated it"; and (3) "failed to address the claim for violation of Title VII for failure to have proper procedures in place to provide a proper review which comports with due process of its decision to deny religious accommodation raised by the Plaintiff in the First Amended Verified Class Action Complaint." [Doc. 22, PageID 377-378] Because these arguments (and indeed the bulk of Plaintiff's 24 page brief) were not arguments raised in the original Motion [Doc. 41] and do not "directly reply to the points and authorities contained in [Defendant's] answering brief", (See Local Rule 7.1(c)) they should not be considered by the Court at all. *See Darnell v. Woodbourne Invs., LLC*, No. 2:17-CV-00103-MCLC, 2018 U.S. Dist. LEXIS 143898, at *7 (E.D. Tenn. Aug. 23, 2018) ("the Court 'will not consider issues or evidence raised for the first time in a reply'"). However, to the extent

they are, Defendant respectfully requests the opportunity to respond to them by filing the attached Surreply.

### III. CONCLUSION

For each and every of the foregoing reasons, Defendant Cardinal Health respectfully requests that this Court grant its Motion for Leave to File a Surreply.

Respectfully submitted,

*/s/Patricia Pryor*
Patricia Pryor
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 322-5035
Email: pryorp@jacksonlewis.com

Craig A. Cowart (017316)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, Tennessee 38120
Telephone: (901) 462-2618
Facsimile: (901) 462-2626
E-mail: Craig.Cowart@jacksonlewis.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

       I hereby certify that on May 11, 2022, a true and accurate copy of the foregoing was electronically filed with the Court's CM/ECF system, and such system will send electronic notice to all counsel of record.

                                                */s/Patricia Pryor*
                                                Patricia Pryor

4871-0270-4159, v. 1