UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| AARON MILES BARE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) 3:21-CV-00389-DCLC-DCP |
| | ) |
| vs. | ) |
| | ) |
| CARDINAL HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Aaron Miles Bare's Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e) [Doc. 40]. Defendant Cardinal Health, Inc. has responded [Doc. 41], and Bare has replied [Doc. 44]. Additionally, Cardinal Health filed a surreply to address new arguments Bare raised in his reply [Doc. 48]. This matter is now ripe for resolution. For the foregoing reasons, Bare's Motion to Alter Judgment [Doc. 40] is **DENIED**.

I.   BACKGROUND

The Court and parties are familiar with the facts giving rise to the present dispute, and the Court previously outlined the relevant facts in its March 8, 2022, memorandum opinion and order [Docs. 38]. Thus, the Court will give an abbreviated description of the facts.

On August 21, 2021, Cardinal Health instituted a COVID-19 policy that required all salaried employees receive a COVID-19 vaccine by October 4, 2021 [Docs. 1-4, pgs. 1-2; 10, pg. 10]. Bare, a senior pharmacist for Cardinal Health, applied for a religious accommodation, which Cardinal Health initially denied [Doc. 10, pg. 14]. Following that denial, Bare filed the instant suit on November 17, 2021, and requested a temporary restraining order against Cardinal Health to

prevent it from firing him after the vaccination deadline of December 6, 2021 [Doc. 1]. After being served with Bare's original complaint, Cardinal Health approved his request for a religious accommodation [Doc. 9, pg. 1].

On December 3, 2021, Bare filed his First Amended Complaint, seeking class certification under Federal Rule of Civil Procedure 23(a) and asserting that Cardinal Health's COVID-19 policy was discriminatory because it provided a "sham" religious accommodation process [Doc. 10]. He requested the Court force Cardinal Health to provide permanent religious accommodations, not subject to further review, to its mandatory vaccination policy [*Id.*, pg. 2]. Bare explained that his current religious accommodation was set to expire in six months and that, upon expiration, he would suffer financial, physical, mental, and emotional harm if Cardinal Health were to terminate his employment for non-compliance with its COVID-19 policy [*Id.*]. Notably, Bare did not claim he had suffered an adverse employment action—only that he potentially faced such actions in the future [*Id.*, pg. 23]. Throughout his First Amended Complaint, Bare also asserted that Cardinal Health's COVID-19 policy caused him mental and emotional harm but did not explain how that policy caused those harms, particularly when he already received a religious accommodation under the policy [*Id.*, pgs. 3, 5, 24, 27, 35-36].

Bare alleged two claims in his First Amended Complaint. First, he contended Cardinal Health's actions violated Title VII by discriminating against him because of his sincerely held religious beliefs [*Id.*, pgs. 26-27]. Second, Bare asserted that Cardinal Health's COVID-19 policy violated 21 U.S.C. § 360bbb-3, which gives individuals the option to accept or refuse the a vaccine that the Food and Drug Administration ("FDA") has approved for "Emergency Use Authorization" ("EUA") [*Id.*, pgs. 27-34]. Importantly, Bare did not allege a separate tort claim for mental or emotional harm.

Cardinal Health moved to dismiss Bare's First Amended Complaint [Doc. 13], and Bare moved to file a Second Amended Complaint [Doc. 23]. The Court granted Cardinal Health's motion to dismiss and denied Bare leave to file a Second Amended Complaint [Doc. 38]. The Court reasoned that Bare lacked standing because he received a religious accommodation and there was no "certainly impending" injury that he faced [*Id.*, pgs. 7-8]. The Court noted that Bare had not asserted any adverse employment action by Cardinal Health against him [*Id.*, pg. 8]. The Court denied Bare leave to file a Second Amended Complaint, in which he sought to add Christopher Davis as an additional named plaintiff, because it suffered from the same infirmities as the First Amended Complaint, thus proving it would be futile [*Id.*, pg. 14]. Moreover, the Court found that Davis had not exhausted his administrative remedies to bring a Title VII claim and that the Proposed Second Amended Complaint did not allege Davis applied for a religious accommodation [*Id.*, pgs. 14-15].

Bare now moves to alter the Court's judgment under Federal Rule of Civil Procedure 59(e) [Doc. 40], and Cardinal Health responds in opposition [Doc. 41]. Bare replies [Doc. 44], and Cardinal Health files a surreply [Doc. 48] to address newly raised arguments in Bare's reply.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). To succeed on a Rule 59(e) motion, the moving party must identify: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (citing *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). "A motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Moreover, a party cannot use a Rule 59(e) motion to raise arguments

3

that could, and should, have been made before judgment issued. *See id.* The Court has "considerable discretion" in deciding whether to grant or deny a Rule 59(e) motion. *See Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

## III. DISCUSSION

In his motion, Bare largely reiterates the arguments from his response to Cardinal Health's motion to dismiss [*See generally* Doc. 40]. He contends that Cardinal Health failed to meet and confer before filing its motion to dismiss, thereby violating the Court's local rules which he contends "abrogated" his right to amend his complaint [*Id.*, pg. 2]. Cardinal Health responds that the Court previously denied Bare's motion for sanctions related to its failure to meet and confer before filing its motion to dismiss [Doc. 41, pg. 5]. Cardinal Health acknowledges that it failed to meet and confer before filing its motion to dismiss but states that any meeting would not have remedied the infirmities in Bare's First Amended Complaint [*Id.*, pgs. 5-6].

The Court already has addressed Bare's argument regarding Cardinal Health's failure to meet and confer before filing its motion to dismiss [*See* Doc. 21]. Indeed, Bare moved for sanctions against Cardinal Health because of its failure to meet and confer [Doc. 17]. The Court heard argument from the parties about that motion during a status conference on December 16, 2021, and subsequently denied Bare's motion for sanctions [*See* Doc. 21]. Bare now uses his Rule 59(e) motion as an opportunity to "reargue" that issue and fails to identify a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice regarding the Court's resolution of Cardinal Health's failure to meet and confer. *See Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. Thus, Bare's argument regarding Cardinal Health's failure to meet and confer does not support his Rule 59(e) motion.

Bare next asserts that the Court relied on facts not found in his First Amended Complaint and that the Court failed to address his argument that he should be considered the prevailing party

4

[Doc. 40, pg. 3]. He explains that the Court erroneously found that he had obtained a religious accommodation "prior to the lawsuit being filed." [*Id.*]. Cardinal Health responds that the Court did not rely on facts not in the First Amended Complaint, the Court did address Bare's argument that he should be considered a prevailing party, and Bare cannot use a Rule 59(e) motion to raise arguments previously presented [Doc. 41, pgs. 3-4].

Here, Bare is wrong. The Court never stated that he obtained a religious accommodation "prior to the lawsuit being filed." [Doc. 40, pg. 3]. The Court did note, however, that "[a]fter being served with Bare's original complaint, Cardinal Health approved his request for a religious accommodation." [Doc. 38, pg. 3]. The very next paragraph makes clear that, after receiving his accommodation, Bare filed his First Amended Complaint, which became the operative complaint for all purposes. [*Id.*]; *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes."). Bare's contention that the Court did not address his request to be considered the prevailing party is also wrong. The Court explicitly considered—and rejected—that request because the Court "fail[ed] to see how dismissal of his case would render Bare the prevailing party." [*Id.*, pg. 9 n.3]. Bare's arguments here do not rely on any of the grounds on which a Rule 59(e) motion may be granted and fail to support his motion to alter.

Bare next argues that the Court erred in denying him leave to file a Second Amended Complaint [Doc. 40, pg. 3]. Cardinal Health responds that the Court correctly denied Bare's motion because there was no evidence that the proposed additional named plaintiff, Christopher Davis, received a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), and Bare did not allege that Davis had applied for a religious accommodation or was denied one [Doc. 41, pg. 5].

5

The Court previously considered Bare's request for leave to file a Second Amended Complaint. Then, as now, Bare could not show that his Second Amended Complaint would not be futile. Bare now admits that Davis has received a religious accommodation, and he does not state that Davis has received a notice of right to sue from the EEOC to proceed on any Title VII claim that Davis may bring [*See* Doc. 40, pg. 2]. Bare only notes that Davis has filed a complaint with the EEOC in Ohio. [Doc. 44, pg. 4]. Bare does not identify a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice regarding the Court's resolution of his motion for leave to file a Second Amended Complaint. *See Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. Accordingly, Bare's argument here cannot support his Rule 59(e) motion.

In his reply, Bare reiterates his earlier arguments and raises several new arguments not previously presented [*See generally* Doc. 44]. First, he argues that the Court failed to apply Fed. R. Civ. P. 12 in the light most favorable to his First Amended Complaint [*Id.*, pg. 5]. Second, he contends that the Court erred in finding that the claims in his First Amended Complaint were not capable of repetition and evading review [*Id.*, pgs. 6-10, 15-21]. To that end, Bare argues—for the first time—that the "inherently transitory" and "picking off" exceptions to mootness apply to his claims [*Id.*, pgs. 11-12]. Third, Bare again argues that the Court erred in denying him leave to file a Second Amended Complaint [*Id.*, pgs. 14-15]. Fourth, Bare contends that the Court erred in finding that Cardinal Health's conduct did not meet the voluntary cessation exception to mootness [*Id.*, pgs. 13-14]. Lastly, Bare argues that the Court failed to address his Title VII claim for Cardinal Health's alleged failure to provide a review process for the denial of requests for religious accommodations [*Id.*, pg. 22-23].

Cardinal Health responds that none of Bare's arguments support a Rule 59(e) motion [Doc. 48, pg. 3]. It notes that many of the arguments Bare now raises could have been brought before

6

the Court issued judgment [*Id.*, pg. 5]. Cardinal Health next argues that the Court properly concluded that Bare's claims were not capable of repetition and evading review [*Id.*, pg. 6]. It states that the Court properly denied Bare's motion to amend [*Id.*, pg. 7]. Additionally, Cardinal Health argues that Title VII does not support a claim for failure to have proper procedures and that there is no requirement that a private employer comport with due process [*Id.*, pg. 7].

Bare's arguments in reply do not support his Rule 59(e) motion because they do not rely on any of the grounds that could support such a motion. Bare does not contend that the Court made a clear error of law, he obtained newly discovered evidence, an intervening change in law has made the Court's decision incorrect, or the Court's dismissal of his First Amended Complaint presents a manifest injustice. Bare only expands on the ways in which he believes the Court erred, which are arguments appropriate for the Sixth Circuit on appeal. [*See generally* Doc. 44]. Bare seeks to use his purported Rule 59(e) motion to "reargue" the merits of Cardinal Health's motion to dismiss, but the Court is not obligated to consider those arguments at this stage of litigation. *See id.*; *Leisure Caviar, LLC*, 616 F.3d at 615. The majority of the arguments Bare raises in his reply were presented during the Court's initial consideration of Cardinal Health's motion to dismiss, and the remaining arguments could have been raised then as well. The Court will not revisit its resolution of Cardinal Health's motion to dismiss when Bare fails to rest his Rule 59(e) motion on any of the grounds that would support altering the Court's judgment. *See Leisure Caviar, LLC*, 616 F.3d at 615.

IV. **CONCLUSION**

For the reasons stated herein, Plaintiff's Motion to Alter [Doc. 40] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

7