## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Deborah S. Hunt  
Clerk

100 EAST FIFTH STREET, ROOM 540  
POTTER STEWART U.S. COURTHOUSE  
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000  
www.ca6.uscourts.gov

Filed: January 25, 2023

Mr. Russell Lee Egli  
Egli Law  
11109 Lake Ridge Drive  
Third Floor  
Knoxville, TN 37934

Ms. Blythe McGregor  
Ms. Patricia Anderson Pryor  
Jackson Lewis  
201 E. Fifth Street  
26th Floor  
Cincinnati, OH 45202

Re: Case No. 22-5557, *Aaron Bare v. Cardinal Health, Inc.*  
Originating Case No. : 3:21-cv-00389

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely  
Opinions Deputy

cc: Ms. LeAnna Wilson

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION

File Name: 23a0055n.06

Case No. 22-5557

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| AARON MILES BARE, on behalf of himself and all others similarly situated, | ) ) ) | **FILED** Jan 25, 2023 DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| v. | ) ) ) |  |
| CARDINAL HEALTH, INC., | ) |  |
| Defendant-Appellee. | ) ) | OPINION |

Before: KETHLEDGE, READLER, and MURPHY, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** Aaron Bare is an employee at Cardinal Health, which requires its employees to be vaccinated against COVID-19. Bare's religious practices, however, prevent him from getting vaccinated. When he applied for a religious accommodation, Cardinal denied his request.

A lengthy back and forth ensued. Bare brought this suit, hoping to ward off termination. Cardinal responded by granting him an exemption. No longer at risk of being fired, Bare amended his complaint in an attempt to convert his suit into a class action. Cardinal moved to dismiss Bare's amended complaint. Bare countered by moving to amend his complaint yet again. The district court granted Cardinal's motion, denied Bare's motion to amend on the basis that it was futile, and denied Bare's request for attorney's fees. We affirm in all respects.

Case No. 22-5557, *Bare v. Cardinal Health, Inc.*

## I.

In response to the COVID-19 pandemic, Cardinal Health mandated that all employees be "FULLY vaccinated" against the virus. The company's policy was problematic for employee Aaron Bare due to his "abortion-related religious beliefs," which prevent him from using products "derived from or connected in any way with abortion." Bare alleges that those products include the available COVID-19 vaccines, which, he says, were derived from or produced by utilizing "aborted fetal cell lines."

In some respects, Cardinal's vaccination policy anticipated issues of this nature. The policy acknowledges that "a small number of employees" would be unable to receive the vaccine for religious reasons. So the company developed a process to address requests for religious exemptions. Bare engaged in the process, but ultimately was denied an exemption from Cardinal's vaccine mandate. Having failed to receive an exemption, Bare filed this suit.

Bare's complaint alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and the Emergency Use Authorization Act, 21 U.S.C. § 360bbb-3. To Bare's mind, Cardinal's process for seeking a religious exemption from the company's vaccine mandate was a "sham," one that, in practice, did not allow for exemptions. That was so, Bare alleged, due to Cardinal's "animus towards, and discrimination against, its employees because of their religious beliefs."

Not long after Bare filed suit, Cardinal granted him a six-month religious exemption from its vaccine mandate. But Bare's case, he says, was the exception to the rule—most other Cardinal employees, Bare alleges, had their requests for religious accommodations denied. To aid his non-exempted colleagues, Bare filed an amended complaint, seeking to turn his case into a class action. He alleged that the putative class members would likely be fired once the mandate went into effect,

Case No. 22-5557, *Bare v. Cardinal Health, Inc.*

and that he would be fired after his accommodation expired. To prevent Cardinal from moving ahead with these terminations, Bare sought injunctive and declaratory relief for himself as well as the purported class.

Before Bare moved to certify the class, Cardinal moved to dismiss the amended complaint on two grounds: one, because Bare admitted that he had not been injured, and two, because he failed to state a claim for which relief could be granted. In response, Bare sought to amend his complaint yet again. This time, he proposed adding a second named plaintiff, Christopher Davis, who, like Bare, had also refused vaccination.

The district court granted Cardinal's motion to dismiss and denied Bare's motion to amend. Dismissal was appropriate under Federal Rule of Civil Procedure 12(b)(1), the district court explained, because Bare lacked standing to pursue his individual claims, leaving the court without subject matter jurisdiction over those claims. As to Bare's motion to amend, *see* Fed. R. Civ. P. 15, the district court concluded that any amendment would be futile because Davis, like Bare, lacked standing to bring his claims. Bare later asked the court to alter its judgment in accordance with Federal Rule of Civil Procedure 59(e). When his motion was denied, Bare filed a timely appeal. Before us, Bare challenges the district court's decisions dismissing his complaint and denying him leave to amend, as well as its decision, made in its ruling denying Bare's motion to alter the judgment, rejecting Bare's request for attorney's fees under Title VII.

## II.

**A.** We begin with the threshold question of the district court's subject matter jurisdiction. For a federal court to possess subject matter jurisdiction over a suit, the matter needs to meet Article III's "case or controversy" requirement. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); U.S. CONST. Art. III, § 2. One component of a "case or controversy" is that the plaintiff

3

Case No. 22-5557, *Bare v. Cardinal Health, Inc.*

satisfies the "irreducible constitutional minimum" of standing. *Spokeo*, 578 U.S. at 338 (citation omitted). The elements of standing are familiar. The plaintiff must allege that he has suffered an "actual or imminent" and "concrete and particularized" harm to a legally protected interest. *Id.* at 339 (citation omitted). That harm must have been caused by the defendant. And it must be redressable by the courts. *Id.* at 338.

In concluding that it lacked subject matter jurisdiction over Bare's suit due to his failure to establish his standing, the district court pointed to the absence of a cognizable injury suffered by Bare. We review that conclusion de novo. *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 709 (6th Cir. 2015). Like the district court, we accept the operative complaint's allegations as true and "question[] merely the sufficiency of the pleading." *See Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021) (citation omitted).

The district court was correct to dismiss Bare's suit. Recall the timeline of events. Bare was denied a religious accommodation, meaning he faced the threat of termination should Cardinal's vaccine mandate go into effect. To ward off termination, Bare filed suit. Cardinal in turn granted Bare's request for an accommodation and exempted him from the mandate for six months, at which point Cardinal would decide whether to renew the exemption. Sometime thereafter, Bare replaced his original complaint with an amended complaint on behalf of himself and others similarly situated. *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267–68 n.8 (6th Cir. 2008) (recognizing that an amended complaint renders the original a "nullity" that "no longer performs any function in the case").

At the time he filed his amended complaint, Bare lacked standing to pursue his individual claims. "Standing is to be determined as of the time the complaint is filed." *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004) (quotations omitted). That means a plaintiff's standing must be

4

Case No. 22-5557, *Bare v. Cardinal Health, Inc.*

assessed anew any time he seeks to amend his complaint. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

As an initial matter, Bare's allegations that the vaccine mandate has caused him and others mental and emotional anguish are too conclusory to establish a cognizable past injury. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (holding that we need not accept a complaint's conclusory statements as true). And by the time Bare filed his amended complaint, he had been granted an exemption to the vaccine mandate, staving off any imminent injury as well. Cardinal later assured the district court that it had no plans to deny renewal of Bare's religious accommodation unless the accommodation causes operational disruption. Any injury to Bare, in other words, was contingent on future events that may never come to pass, which is a much "too speculative" state of affairs "to satisfy the well-established requirement that threatened injury must be 'certainly impending.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013).

Bare offers two counterpoints. The first is that his complaint is saved by the fact that he purports to represent a class of individuals who have not been granted exemptions to the vaccine mandate, and thus face a more imminent likelihood of termination. Whether the putative class members have standing, however, is no answer to Bare's standing problem; as the named plaintiff, he must establish his own standing to keep his suit alive. *See Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998) ("A potential class representative must demonstrate individual standing vis-[à]-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action.").

5

Case No. 22-5557, *Bare v. Cardinal Health, Inc.*

Alternatively, Bare contends, Cardinal's decision to grant him an exemption presents an issue of mootness, not standing. We disagree. Had Bare not amended his complaint, his suit (assuming he had standing to file his original complaint) might have been deemed moot once he was granted his exemption. At that point, arguably, any "live case or controversy" would have "no longer exist[ed]," thereby depriving us of subject matter jurisdiction. *Barry v. Lyon*, 834 F.3d 706, 715 (6th Cir. 2016). But, again, our standing analysis here centers on Bare's amended complaint, not the original one. *See Rockwell*, 549 U.S. at 473–74; *B & H Med.*, 526 F.3d at 267–68 n.8.

Even with the filing of his amended complaint, Bare might have argued that we nonetheless should discern his standing as of the time he originally claimed his injury—in his original complaint. *See Price v. Medicaid Dir.*, 838 F.3d 739, 746 (6th Cir. 2016) ("The plaintiffs have standing to assert only the claims they had standing to assert when the claims themselves were first pled."). But Bare did not make this argument, neither in the district court nor before this Court, meaning the argument is forfeited. *See Glennborough Homeowners Ass'n v. U.S.P.S.*, 21 F.4th 410, 414 (6th Cir. 2021).

All told, the district court lacked jurisdiction to entertain Bare's amended complaint. Should future developments threaten Bare's employment, he may be able to invoke the district court's jurisdiction then. But we need not speculate on a factual setting that has not yet come to pass.

**B.** Jurisdictional defects, however, can be cured through an amended complaint. 28 U.S.C. § 1653; *Novia Commc'ns, LLC v. Weatherby*, 798 F. App'x 890, 894 (6th Cir. 2020) ("[Plaintiff] may amend its complaint to cure 'defective allegations of jurisdiction.'"). The general rule is that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). At the

Case No. 22-5557, *Bare v. Cardinal Health, Inc.*

same time, justice does not require courts to allow for a futile amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Baaghil v. Miller*, 1 F.4th 427, 432 (6th Cir. 2021). The district court concluded that Bare's amendment fell into that category, and thus denied his motion. We review the district court's decision de novo. *Baaghil*, 1 F.4th at 432 (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

The district court properly denied leave to amend. By and large, Bare's proposed second amended complaint was identical to his first, save for the addition of a second named plaintiff—Christopher Davis. And like Bare, Davis has neither been fired nor vaccinated. Davis's case does present one factual wrinkle, but it is not one that changes our standing analysis. At the time Bare sought leave to file the second amended complaint and add Davis as a plaintiff, Davis was "choosing not to become vaccinated for personal reasons," rather than due to a faith-based objection (Davis was later granted an accommodation). Cardinal, meanwhile, had not decided that it would soon terminate Davis. At the time the motion to amend was filed, Cardinal had no plans to do so. Davis, then, also lacked a cognizable injury for purposes of standing. That leaves Davis in substantially the same place as Bare: he is only speculating that his job may be in jeopardy in the future. And in the absence of an imminent injury to Davis, adding him as a named plaintiff through the second amended complaint still would not clear the jurisdictional bar our standing doctrine puts in place. *See Clapper*, 568 U.S. at 401.

**C.** That leaves Bare's request for attorney's fees, an issue the district court addressed when it denied Bare's Rule 59(e) motion. We review the district court's determination for an abuse of discretion. *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 552 (6th Cir. 2012) (Rule 59(e) denials reviewed for abuse of discretion); *Torres v. County of Oakland*, 758 F.2d 147, 153 (6th Cir. 1985) (Title VII attorney's fees reviewed for abuse of discretion). Viewing the case through that

7

Case No. 22-5557, *Bare v. Cardinal Health, Inc.*

deferential lens, we look to see whether the district court either relied on clearly erroneous findings of fact or improperly applied the law. *Nolfi*, 675 F.3d at 552.

The district court was correct to deny Bare a fees award. By way of background, the federal courts, unlike our common law brethren in England, follow what is known as the "American Rule" for dividing parties' legal fees. *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). Under that rule, a prevailing party pays its own legal fees unless Congress has provided (or the parties have agreed) otherwise. *Id.* Congress did so, however, for claims pursued under Title VII. 42 U.S.C. § 2000e-5(k) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . .").

Bare contends that he is entitled to an attorney's fees award as the prevailing party. While the district court made no rulings favorable to Bare, he points to the fact that Cardinal granted him a religious accommodation after he filed this lawsuit, leaving him, he says, as the prevailing party for Title VII purposes. The Supreme Court, however, takes a different view: while a "defendant's voluntary change in conduct" may "accomplish[] what the plaintiff sought to achieve by the lawsuit," that change "lacks the necessary judicial *imprimatur*." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001). As a result, one is not a "prevailing party" "*without* a corresponding alteration in the legal relationship of the parties." *Id*.; *see also CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (noting that *Buckhannon* extends to Title VII). We are not free to disregard Supreme Court precedent. Nor was the district court, which properly denied Bare's fees request.

*   *   *   *   *

We affirm the judgment of the district court.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 22-5557

AARON MILES BARE, on behalf of himself and all others similarly situated,

    Plaintiff - Appellant,

    v.

CARDINAL HEALTH, INC.,

    Defendant - Appellee.

**FILED**
Jan 25, 2023
DEBORAH S. HUNT, Clerk

Before: KETHLEDGE, READLER, and MURPHY, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.

    THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

    IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED in its entirety.

                           **ENTERED BY ORDER OF THE COURT**

                           Deborah S. Hunt, Clerk